■ BERNARD C. AHOUSE et al., Respondents-Appellants, v GORDON K. HERBERT et al., Appellants-Respondents.—Cross appeals from a judgment of the Supreme Court, in favor of plaintiffs, entered April 18, 1979 in Chemung County, upon a decision of the court at a Trial Term, without a jury. While constructing a house financed by a $25,000 construction loan from Marine Midland Bank (Marine), plaintiffs contracted to sell the .house to the Herberts. The Elmira Savings Bank (Elmira) thereafter made a mortgage loan commitment to the Herberts. Due to the fact that plaintiffs could not finish the house by the closing date certain financial arrangements were made. On the closing date of July 13, 1973, according to the testimony of plaintiff Bernard Ahouse, he received $10,000; he agreed to complete certain work; he conveyed title to the Herberts; Elmira withheld $25,050 from the mortgage proceeds; he executed an assignment to Marine of his interest in the $25,050 being held by Elmira; Marine discharged its mortgage, but retained its note; and upon completion of certain work on the property Elmira agreed to pay Marine the $25,050 balance of the purchase price. In July, 1975 Bernard Ahouse agreed to pay Marine $25,000 and Marine assigned all rights and claims it had against defendants to the plaintiffs. On August 1, 1975 Elmira paid out the $25,050 to the Herberts. Plaintiffs commenced this action to recover the $25,050 plus interest in their own right and as assignees of Marine. The Herberts admitted that no part of the $25,050 had been paid to the Ahouses but counterclaimed for damages alleging that plaintiffs failed to complete certain work on the house, failed to perform other work in a workmanlike manner and placed part of a retaining wall and driveway on another's property. Elmira raised affirmative defenses of the Statute of Frauds and laches and denied that Elmira was a party to any assignment agreement. The trial court found all defendants liable for the $25,050 that was held by Elmira less setoffs of $5,035.18 for a net award of $20,014.82 with interest thereon from August, 11, 1975. These cross appeals ensued. Initially, we note that the Herberts have defaulted on this appeal and the Ahouses do not seek any affirmative relief, but merely desire affirmance of the judgment. The only issues raised, therefore, concern the existence of an agreement by Elmira to retain the $25,050 of mortgage money and to pay it to Marine pursuant to the assignment by Bernard Ahouse to Marine. In order to determine whether a

contractual agreement was entered into and what its terms were, we must look to the objective manifestations of the intent of the parties as gathered by their express words and deeds *(Brown Bros. Elec. Contrs. v Beam Constr. Corp.,* 41 NY2d 397, 399). Both Bernard Ahouse and an officer of Marine testified that Elmira had agreed to retain the amount in question and pay it to Marine pursuant to the assignment by Bernard Ahouse to Marine. In addition two memoranda on Elmira stationery were received into evidence. The first, dated July 13, 1973, states in regard to the $25,050 that "These proceeds are assigned to Marine Midland by agreement dated July 13, 1973, and check should be made out to Mr. and Mrs. Herbert and Marine Midland Bank". Although this memorandum was unsigned, a second, dated August 16, 1973, bore the initials "RLS" at the end thereof which memorandum was concededly initialed by Richad L. Steere, a staff member of Elmira. This second memorandum states, in pertinent part, "The $25,050 remaining balance due Mr. Ahouse was assigned to Marine Midland Bank—Southern on July 13, 1973 by Mr. Ahouse. Therefore, we cannot allow Mr. Herbert to complete the remaining items and deduct the amount from the $25,050, unless Marine Midland is willing to release the assignment." Considering the record in its entirety including the documentary evidence received, we are of the view that the court's finding of an agreement on the part of Elmira is not against the weight of the credible evidence nor contrary to law. Consequently, it should not be disturbed *(Conti v Henkel,* 60 AD2d 678, mot for lv to app den 44 NY2d 641). Elmira argues that the agreement it allegedly entered into is unenforceable due to the Statute of Frauds in that the agreement is a promise to answer for the debt of another (General Obligations Law, § 5-701, subd a, par 2). Assuming, without deciding, that the Statute of Frauds is applicable, we conclude that the statute is satisfied by a note or memorandum in writing, subscribed by the party to be charged therewith (General Obligations Law, § 5-701, subd a). Signed and unsigned writings relating to the same transaction and containing all of the essential terms of the contract may be read together to evidence a binding contract *(Crabtree v Elizabeth Arden Sales Corp.,* 305 NY 48, 54-55). The initials at the bottom of August 16, 1973 memorandum are sufficient subscription to satisfy the statute (56 NY Jur, Statute of Frauds, § 271). In our view, the two memoranda previously mentioned read in their entirety are sufficient to satisfy the Statute of Frauds. Finally, Elmira contends that completion of the specified work on the house was a condition precedent to performance by Elmira. The record reveals, however, that the work was completed, although not by plaintiffs and that the bank had been so informed by Gordon Herbert in the summer of 1975. Consequently, even if completion of the specified work is considered a condition precedent, that condition has been fulfilled. The judgment, therefore, should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.