■ INTERNATIONAL TRADING AND SALES, INC., Respondent, v PHILIPP BROTHERS, INC., Appellant. — Motion, insofar as it seeks leave to appeal to Court of Appeals, denied, and, insofar as it seeks reargument, said motion is granted and, upon reargument, the order of this court entered on November 3, 1983 and the accompanying memorandum decision (97 AD2d 699) are vacated and a new order substituted therefor, together with the following memorandum decision: Order, Supreme Court, New York County (A. Tyler, J.), entered February 23, 1983, denying defendant's motion for summary judgment dismissing the complaint as barred by the Statute of Frauds, is unanimously modified, on the law, and in the exercise of discretion, to the extent that the denial of said motion shall be without prejudice to renewal of the motion after plaintiff has had a reasonable opportunity for disclosure as to the existence or nonexistence of any note or memorandum in writing sufficient to satisfy the Statute of Frauds, and the order is otherwise affirmed, without costs. ¶ The action is to recover commissions (allegedly agreed to be paid by defendant to plaintiff) of $1 per metric ton of a certain chemical fertilizer supplied by defendant to Bulk Fertilizers, Inc. (Bulkferts), not a party to the action. The service plaintiff claims to have rendered is that plaintiff introduced a principal of Bulkferts to a principal of defendant. Bulkferts had submitted a bid to an agency of the Pakistani government to supply that country's requirement for this type of fertilizer, ultimately amounting to 131,000 metric tons for a price of $28,546,875. Bulkferts' bid was accepted by the government of Pakistan. ¶ Section 5-701 (subd a, par 10) of the General Obligations Law includes within the requirements of the Statute of Frauds a contract to pay compensation for services rendered in negotiating the purchase, sale, etc. of "a business opportunity," and negotiating is defined to include procuring an introduction to a party to the transaction. This transaction involving introduction of parties for the purpose of entering into an agreement to supply a nation with its requirement for fertilizer involving so many millions of dollars appears to us to be a negotiation of a business opportunity within the meaning of paragraph 10.

"[T]he intermediary's activity is * * * evidently that of providing 'know-how' to 'know-who', in bringing about between principals an enterprise of some complexity or an acquisition of a significant interest in an enterprise" (*Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 267). ¶ With respect to such an agreement, the Statute of Frauds requires that "it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith". (General Obligations Law, § 5-701, subd a). ¶ Concededly, the claimed agreement was not in writing; nor does plaintiff have "some note or memorandum thereof * * * subscribed by the party to be charged". And defendant denies the existence of any such note or memorandum. If defendant has such a note or memorandum even though it be internal, that could satisfy the Statute of Frauds. (See *Crabtree v Arden Sales Corp.*, 305 NY 48.) Plaintiff has not had an opportunity for disclosure proceedings to determine whether defendant does have such a note or memorandum; the facts as to that are peculiarly within the knowledge of the defendant. Plaintiff is entitled to a reasonable opportunity for disclosure to determine whether any such note or memorandum exists. (See CPLR 3212, subd [f].) Concur — Sullivan, J. P., Ross, Carro, Silverman and Lynch, JJ.