OPINION OF THE COURT
Alan LeVine, J.
In this action to enforce an alleged guarantee, MRLS Construction Corp. (hereinafter MRLS) moves to reargue a prior decision and order of the court dated April 27, 1992 which denied plaintiff’s motion and defendants’ cross motion for summary judgment. Plaintiff cross-moves for the same relief.
The motion and cross motion for reargument are granted. *951 Upon reconsideration, the decision and order dated April 27, 1992 is vacated and the following is substituted in its stead.
MRLS was a construction manager for a certain project. Codefendant Sime Construction Co. (hereinafter Sime) was hired by MRLS to do subcontract work on the project. In or around September 1989, Sime attempted to order tile from plaintiff. Plaintiff refused to deliver the tile unless MRLS guaranteed payment. By facsimile transmission dated September 12, 1989, MRLS sent plaintiff, in relevant part, the following message: "this company would be willing to guarantee payment on regular terms for goods delivered * * * [Upon delivery of the tile] [y]ou would then bill Sime Construction for those goods delivered. MRLS would guarantee payment for goods delivered to the Nehemiah Project in the event Sime Construction does not pay within terms * * * Please consider all of the above in making your decision.” The name of MRLS was printed across the top of the fax but it was unsigned. Plaintiff delivered the tile to Sime and when Sime failed to pay, plaintiff billed MRLS in reliance on the purported guarantee.
Plaintiffs position is that the fax constitutes an enforceable guarantee since the name of MRLS appearing across the top of the fax satisfies the subscription required by the Statute of Frauds (see, General Obligations Law § 5-701 [a] [2]). Defendants maintain that the subscription required to satisfy the Statute of Frauds is a written signature at the end of the writing.
General Obligations Law § 5-701 (a) (2) was enacted to protect against an unintentional oral commitment becoming a guarantee for another’s debts. (See, Paul, Weiss, Rifkind, Wharton & Garrison v Westergaard, 75 NY2d 755; Paribas Props, v Benson, 146 AD2d 522.) The statute was not meant to be utilized to evade an obligation intentionally incurred. Subscription is required since it constitutes proof of assent to the terms of the guarantee, is associated with seriousness and deliberation, and confirms the guarantee’s existence and the intent of the guarantor to be bound. (See, Travelco, Inc. v Chain Locations, 170 AD2d 939; Cohrn v Sadler, 147 AD2d 922; Ahouse v Herbert, 78 AD2d 713.) The signature required does not necessarily have to be written in ink at the bottom of the purported guarantee but may include any symbol or signature, whether written, printed or stamped, on any part of the document so long as the intent to be bound is demonstrated. (See, Wright, The Law of Electronic Commerce § 16.3 *952 et seq.; 16.4 et seq.; Bazak Intl. Corp. v Mast Indus., 73 NY2d 113.)
Applying these legal principles to the matter herein, the court determines that the facsimile transmission constitutes an enforceable guarantee of Sime’s debt by MRLS (see, Interocean Shipping Co. v National Shipping & Trading Corp., 523 F2d 527; Matter of American Multimedia v Dalton Packaging, 143 Misc 2d 295; La Mar Hosiery Mills v Credit & Commodity Corp., 28 Misc 2d 764) despite the fact that the name of MRLS appears only across the top of the fax. There is no question but that MRLS intended to guarantee Sime’s debt to plaintiff and that plaintiff shipped the tile in reliance on that guarantee. MRLS should not be permitted to evade its obligation because of the current and extensive use of electronic transmissions in modern business transactions.
Accordingly, the motion by plaintiff for summary judgment is granted. The cross motion by defendants for summary judgment is denied.