OPINION OF THE COURT
 

 Smith, J.
 

 The issue presented on this appeal is whether the automatic imprinting, by a fax machine, of the sender’s name at the top of each page transmitted, satisfies the requirement that a writing be subscribed under New York State’s general Statute of Frauds (General Obligations Law § 5-701). We reverse the order of the Appellate Division because we conclude that a subscription requires an act to authenticate the writing as defendant’s. Defendant did not so subscribe the writing in this case.
 

 In September 1989, Sime Construction Co. (Sime), a subcontractor, sought to purchase from plaintiff a large quantity of ceramic tile for use in a construction project. When plaintiff expressed reluctance to enter into such a large contract without a guaranty, Sime suggested that plaintiff approach MRLS Construction Corporation (MRLS), the general contractor on the project, for a guaranty of payment. Plaintiff contacted MRLS and after several discussions, MRLS faxed a document to plaintiff which plaintiff asserts is a guaranty. MRLS contends that it merely transmitted an unsubscribed proposal for a guaranty by fax.
 

 Plaintiff’s copy of the document bore a heading at the top of each page which indicated the name "MRLS Construction,” a telephone number, the date and time, an unidentified number and a page number. It is undisputed that sometime before sending the document at issue, MRLS had programmed its fax machine to automatically imprint this information on every transmitted page. By this method, the heading would appear only on the recipient’s faxed copy, not on the originating document. The two-page fax document in issue was not preceded by a cover letter or any other identifying document.
 

 After the facsimile transmission, plaintiff began furnishing Sime with quantities of ceramic tile. When Fred Short, the principal of Sime, died in April 1990, plaintiff sought payment for Sime’s outstanding invoices from MRLS. MRLS refused to make payment on the ground that the document was not an enforceable guaranty.
 

 
 *527
 
 Plaintiff commenced this action against MRLS and Sime (sued as the estate of Fred Short herein) to recover the outstanding balances for the ceramic tiles furnished to Sime. After issue was joined, plaintiff and MRLS moved for summary judgment, and the trial court, finding issues of fact, denied both motions. Both parties moved for reargument. After reargument, the trial court granted plaintiff’s motion on the third cause of action, which alleged a guaranty of payment, severed the third cause of action from the rest of plaintiff’s complaint, and directed entry of judgment against MRLS.
 

 In granting summary judgment to plaintiff, the trial court rejected MRLS’ contention that the fax document had not been subscribed as required by the Statute of Frauds. The court held that the heading automatically imprinted by the fax machine on plaintiff’s copy of the document satisfied the subscription requirement because an intent to be bound had been demonstrated. MRLS appealed the judgment, and the Appellate Division affirmed the trial court. We granted leave to appeal.
 

 "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent if such agreement, promise or undertaking * * * [i]s a special promise to answer for the debt, default or miscarriage of another person” (General Obligations Law § 5-701 [a] [2]). MRLS argues that the heading imprinted on the top of each page transmitted by its fax machine serves merely as identification, and was not intended to serve as a subscription within that term’s special meaning under the Statute of Frauds. MRLS contends that the fax document does not satisfy the requirement in section 5-701 (a) that a writing be subscribed. Plaintiff, by contrast, argues that because MRLS intentionally programmed its fax machine to print its name on top of all faxed documents, the subscription requirement has been satisfied.
 

 Plaintiff has failed to demonstrate that MRLS affixed its "signature” to the document sent by facsimile machine sufficient to fulfill the subscription requirement. As former Chief Judge Cardozo has observed, a signature for Statute of Frauds purposes may be "a name, written or printed, [but] is not to be reckoned as a signature unless inserted or adopted with an intent, actual or apparent, to authenticate a writing”
 
 (Mesibov, Glinert & Levy v Cohen Bros. Mfg. Co.,
 
 245 NY 305, 310;
 
 see also, Crabtree v Elizabeth Arden Sales Corp.,
 
 305 NY 48, 53-54;
 
 *528
 

 La Mar Hosiery Mills v Credit & Commodity Corp.,
 
 28 Misc 2d 764). Plaintiff contends that we may infer satisfaction of this requirement because the fax machine had been programmed by MRLS to identify each page of the document with "MRLS Construction.”
 

 The act of identifying and sending a document to a particular destination does not, by itself, constitute a signing authenticating the contents of the document for Statute of Frauds purposes and we reject plaintiffs argument that such an inference is warranted here. It is undisputed that MRLS’ fax machine, after being programmed to do so, automatically imprinted "MRLS Construction” on every page transmitted, without regard to the applicability of the Statute of Frauds to a particular document. We also reject plaintiffs contention that the intentional act of programming a fax machine, by itself, sufficiently demonstrates to the recipient the sender’s apparent intention to authenticate every document subsequently faxed. The intent to authenticate the particular writing at issue must be demonstrated.
 
 [1]
 

 The argument that the Statute of Frauds was not meant to permit parties to evade an obligation otherwise incurred begs the question of whether this writing satisfied the statutory requirement. "The purpose of Statutes of Frauds is to avoid fraud by preventing the enforcement of contracts that were never in fact made”
 
 (Fox Co. v Kaufman Org.,
 
 74 NY2d 136, 140). To this end, General Obligations Law § 5-701 (a) contains two threshold requirements for proving the existence of a binding agreement, promise or undertaking: a writing, and a subscription of the writing by the party to be charged therewith. Since the Legislature selected these objective elements to determine, in the first instance, the existence of an enforceable agreement, promise or undertaking, the absence of a writing
 
 *529
 
 or a subscription cannot be remedied by arguing that obligations. were nevertheless incurred.
 
 [2]
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, plaintiffs motion for summary judgment as to the third cause of action denied, defendant MRLS Construction Corporation’s cross motion for summary judgment as to the third cause of action granted and the third cause of action as against MRLS Construction Corporation dismissed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order reversed, etc.
 

 [1]
 

 . The Statute of Frauds also requires that an intent to authenticate a particular document be demonstrated for qualified financial contracts. Effective as of September 18, 1994, the Legislature amended section 5-701 of the General Obligations Law to provide that: "the tangible written text produced by telex, telefacsimile, computer retrieval or other process by which electronic signals are transmitted by telephone or otherwise shall constitute a writing and any symbol executed or adopted by a party with the present intention to authenticate a writing shall constitute a signing” (General Obligations Law § 5-701 [b] [4]).
 

 [2]
 

 . The issue of whether a properly subscribed writing adequately describes the terms of an agreement, promise or undertaking is a different question which is not before this Court.