■ WPP GROUP USA, INC., Respondent, v INTERPUBLIC GROUP OF COMPANIES, INC., et al., Appellants. [644 NYS2d 205]

The writings at issue on this appeal are an unsigned facsimile ("fax"), allegedly constituting a nonsolicitation agreement with respect to employees of two of plaintiff's subsidiaries, and a subsequent written purchase agreement between the same parties relating to the sale of a third subsidiary. The fax was unsigned but on the letterhead of the sender, defendant Interpublic Group of Companies, Inc.

In denying defendant's motion for summary judgment, the IAS Court found that there was a question of fact as to whether the nonsolicitation agreement was superseded by the purchase agreement, an issue defendant does not pursue on this appeal, and that the fax, although unsigned, was nevertheless adequate for Statute of Frauds purposes because the fax bore the legend of the sender. As to the latter finding, the IAS Court cited *Parma Tile Mosaic & Marble Co. v Estate of Short* (155 Misc 2d 950, *affd on opn below* 209 AD2d 495).

Notwithstanding the Court of Appeals' recent reversal of *Parma Tile (supra)*, in which the Court found that the sender's legend on a fax, without more, is insufficient for purposes of the Statute of Frauds (87 NY2d 524), summary judgment was properly denied in this case to the extent that the motion and decision was premature. Plaintiff is entitled to complete discovery in its quest to satisfy the Statute of Frauds by a showing that the agreement between the parties is evidenced by more than one writing, some signed and some unsigned (*Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 54). Even internal memoranda may be used to evidence the agreement and satisfy the statute (*see, International Trading & Sales v Philipp Bros.*, 99 AD2d 983; *Crabtree v Elizabeth Arden Sales Corp., supra*). According to plaintiff, there are outstanding depositions as well as internal documents in defendant's files confirming the existence of a nonsolicitation agreement. Accordingly, plaintiff is entitled to a reasonable opportunity for disclosure, following which defendant may renew its motion for summary judgment. Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.