■ JUSTIN PAGE, Appellant, v MUZE, INC., et al., Respondents. [705 NYS2d 383] —In an action, *inter alia*, to recover damages for breach of an oral employment contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Garson, J.), dated March 10, 1999, which, among other things, granted the defendants' motion for partial summary judgment dismissing the first, second, fourth, and fifth causes of action asserted in the complaint.

Ordered that the order is affirmed, with costs.

The first and second causes of action of the complaint, alleging breach of an oral employment agreement with the defendant Muze, Inc., were properly dismissed as barred by the Statute of Frauds applicable to the sale of securities, which was in effect at the time of the alleged agreement (*see,* UCC 8-601). The plaintiff's own deposition testimony demonstrated that, at most, during pre-employment negotiations, the individual defendants, officers of Muze, Inc., orally promised him a "piece of Muze", and that no percentages were discussed. The unsigned confirmatory electronic mail alleged to have been sent by one of the individual defendants months later made only an equivocal reference to the .5% claimed by the plaintiff, and was not shown to have satisfied the subscription requirement of UCC former 8-319 (*see also, Parma Tile Mosaic & Marble Co. v Estate of Short,* 87 NY2d 524). The second cause of action, alleging that the plaintiff was entitled to a 2% equity interest after two years of employment, was properly dismissed

for the further reason that the plaintiff resigned before his two-year anniversary.

The fourth and fifth causes of action, alleging fraud by the corporate and individual defendants, were properly dismissed since the facts underlying those claims are duplicative of the facts underlying the two breach of contract claims. All four claims allege, in essence, that the defendants promised to give the plaintiff an equity interest in the company and reneged on that promise. A cause of action to recover damages for fraud may not be maintained when the only fraud alleged relates to a breach of contract (*see, Jim Longo, Inc. v Rutigliano,* 251 AD2d 547; *Alamo Contract Bldrs. v CTF Hotel Co.,* 242 AD2d 643; *Weitz v Smith,* 231 AD2d 518).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Ritter, Altman and McGinity, JJ., concur.