Rosenfeld v Zerneck (2004 NY Slip Op 24143)

Rosenfeld v Zerneck

2004 NY Slip Op 24143 [4 Misc 3d 193]

May 4, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, August 4, 2004

[*1]
Tommy Rosenfeld et al., Plaintiffs,
v
Michael Zerneck, Also Known as Michael Von Zerneck, Defendant.
Supreme Court, Kings County, May 4, 2004

APPEARANCES OF COUNSEL

Harold M. Hoffman, New York City, for defendant. Esanu, Katsky, Korins & Siger, LLP, New York City, for plaintiffs.

{**4 Misc 3d at 193} OPINION OF THE COURT

Herbert Kramer, J.
{**4 Misc 3d at 194}A great deal can be accomplished over the Internet: A few well placed keystrokes can send us to exotic places, requisition goods and services, find employment and educate us. Is it possible to make a contract for the sale of real property via e-mail?
Defendant moves for summary judgment dismissing a complaint that seeks specific performance of the contract for the sale of the defendant's home. Defendant argues that the e-mail he sent was merely preliminary and was never intended as the consummate agreement which, he argues, required further discussion. Accordingly, defendant claims that this e-mail did not satisfy the statute of frauds. Although as will be discussed below, the "signature" on the e-mail is valid under our general statute of frauds, the e-mail messages that were exchanged in the instant matter did not create a binding agreement as they lacked a vital term.
After viewing the property, plaintiffs informed the defendant that they "loved the house" and offered a $3,500,000 cash deal. They followed up with an e-mail to the defendant.[FN1]

[*2]
Shortly thereafter, defendant and plaintiff had a telephone conversation. Defendant followed up with the following e-mail that is at the heart of this controversy:[FN2]

"Dear Tom & Debbie,
"This note is to confirm yesterday's telephone conversation in which I accepted your all cash offer of $3,525,000 for 18 PPW, with no contingencies for financing or sale of your present residence, to close no later than July 1, 2004.
"As we discussed, please contact Liz early next week to schedule your inspection. My attorney will prepare a contract of sale, to be signed after your engineer's report. (What is the contact information for your attorney? Will you be making the purchase jointly? What is your present address?){**4 Misc 3d at 195}
"We look forward to continuing cordial relations regarding the sale of this very special home to you and your family.
"With kind regards,
"Michael."
Thereafter, plaintiffs e-mailed the defendant providing him with the information he requested.
A threshold issue of apparent first impression in this state, which was not raised by either party, is whether the typed signature at the bottom of defendant's e-mail satisfies the requirement that a "writing be subscribed under New York State's general Statute of Frauds (General Obligations Law § 5-701)." (Parma Tile Mosaic & Marble Co. v Estate of Short, 87 NY2d 524, 526 [1996].) In Parma Tile, the Court of Appeals decided that "the automatic imprinting, by a fax machine, of the sender's name at the top of each page transmitted" (id. at 526) did not "constitute a signing authenticating the contents of the document for Statute of Frauds purposes" because the fax machine "after being programmed to do so, automatically imprinted [the sender's name] on every page transmitted, without regard to the applicability of the Statute of Frauds to a particular document." (Id. at 528.) Nor does the intentional programming of the fax machine suffice to demonstrate the sender's "intention to authenticate every document subsequently faxed." (Id. at 528.)
The fax transmission in Parma did not satisfy the statute of frauds because there was never any demonstration of the sender's specific intent to authenticate it and not because it was electronically transmitted. Electronic transmissions are not, in and of themselves, incapable of subscription and indeed as the Parma court itself observed, the statute of frauds was specifically [*3]amended as of September 1994 to say just this. (Id. at 528 n 1.)[FN3]

Here, in contradistinction to the fax machine imprint in Parma, we have the defendant's typewritten name upon an e-mail which the defendant acknowledges that he sent. This court holds that the sender's act of typing his name at the bottom{**4 Misc 3d at 196} of the e-mail manifested his intention to authenticate this transmission for statute of frauds purposes and the copy of the e-mail in question submitted as evidence by the defendant constitutes a sufficient demonstration of same.
In so holding, this court is aware of a decision in the Second Department which holds that an e-mail memorandum with a typewritten signature does not satisfy the subscription requirement of the former statute of frauds provision contained in the Uniform Commercial Code (UCC 8-319, as repealed by L 1997, ch 566, § 5; Page v Muze, Inc., 270 AD2d 401 [2d Dept 2000]). The rationale for that decision may lie in the fact that the UCC provision, unlike the general statute of frauds (General Obligations Law § 5-701 [b] [4]) discussed infra, did not make any accommodation for the realities of doing business in our electronic age. Indeed, it is for that very reason that the UCC provision was repealed. (See UCC 8-113, Comment.) Indeed, if the general statute of frauds, which controls in our case, had not been amended to provide for the subscription of electronically transmitted memoranda, we would be constrained by this decision to hold that this e-mail did not satisfy the subscription requirements.[FN4]

However, under the General Obligations Law as amended it does and we so hold.
As to the content of the e-mail: Although this e-mail identified the parties and the property and stated the price, it failed to lay out all of the essential terms of the agreement since it did not set forth any understanding as to the amount of the contract deposit (Gibraltar Estates v U.S. Bank, 5 AD3d 728 [2d Dept 2004]). Nor did it indicate how the parties intended to treat the commercial lease then encumbering the premises.
Accordingly, this court finds that the parties did not have a meeting of the minds as to the terms of the sale of this premises. The defendant's motion is granted. The complaint is dismissed and the notice of pendency is cancelled.

Footnotes

Footnote 1: "Dear Michael and Liz,
"I am glad I had an opportunity to speak with Michael last night. Debbie, Zachary, Noah and I loved your home and its warmth and wish to confirm our firm $3,500,000 all cash offer, subject to normal property inspections.
"Moreover, we see no problem with your desire to close about July 1, 2004.
"This is our best offer and, as you know, it is net of any broker fees.
"We look forward to hearing from you at your earliest convenience.
"Best Regards,
"Tom & Debbie Rosenfeld."
(Defendant's name, address and telephone number were typed in.)

Footnote 2: The subject line recites: "18 Prospect Park West." It is followed by a "date" line and "from" and "to" lines which recite the parties' e-mail addresses and a "cc" line.

Footnote 3: "[T]he Legislature amended section 5-701 of the General Obligations Law to provide that: 'the tangible written text produced by telex, telefacsimile, computer retrieval or other process by which electronic signals are transmitted by telephone or otherwise shall constitute a writing and any symbol executed or adopted by a party with the present intention to authenticate a writing shall constitute a signing' (General Obligations Law § 5-701 [b] [4])." (Id. at 528 n 1.) 

Footnote 4: This court has reviewed the briefs on appeal and the record in Page. The e-mail in Page was very similar in form to the e-mail at bar, containing a typewritten signature below the body of the letter. Appellant argued that the general statute of frauds governed. Disagreeing, the Page court held that the former UCC statute of frauds controlled and under that provision the subscription requirement was not deemed to have been satisfied.