■ EAST QUOGUE JET, LLC, et al., Respondents, v EAST QUOGUE MEMBERS, LLC, et al., Appellants. (And a Third-Party Action.) [857 NYS2d 627]—

In an action, inter alia, for an accounting, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered March 19, 2007, as granted the plaintiffs' motion for summary judgment declaring that the plaintiff East Quogue Jet, LLC, is a member of the defendant East Quogue Members, LLC, and on the first cause of action for an accounting, and denied those branches of their cross motion which were for summary judgment declaring that the plaintiff East Quogue Jet, LLC, is not a member of the defendant East Quogue Members, LLC, and dismissing the first, second, and third causes of action.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment declaring that the plaintiff East Quogue Jet, LLC, is a member of the defendant East Quogue Members, LLC, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying those branches of the defendants' cross motion which were for summary judgment dismissing the

second and third causes of action, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

East Quogue Members, LLC (hereinafter EQM), was formed for the purpose of purchasing a specific parcel of real property, converting the property to condominium use, and selling the property for a profit. EQM purchased the property on August 2, 2002. At the closing, the defendant Harvey Wiles assumed the role of managing partner. Although the property was never converted to condominium use, it was resold for the sum of approximately $1,000,000 more than the purchase price. Subsequent to the sale, Wiles refused to recognize the plaintiff East Quogue Jet, LLC (hereinafter Jet), as a member of EQM, and thus entitled to a share of the profits.

The Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment declaring that Jet is a member of EQM. According to the plaintiffs, Jet has a membership interest in EQM. Jet, however, did not contribute any capital to EQM. Moreover, although the plaintiffs established their prima facie entitlement to judgment as a matter of law in connection with this issue by submitting, inter alia, an operating agreement purportedly signed by all of the members of EQM reflecting Jet's alleged membership interest, the defendants produced evidence sufficient to raise triable issues of fact regarding Jet's status as a member of EQM (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In particular, two of the investors in EQM submitted affidavits stating that their purported signatures on the operating agreement submitted by the plaintiffs were forgeries, and that they never signed an agreement providing that an entity which contributed no money capital would receive a membership interest. Although the plaintiffs submitted a document allegedly signed by the defendant Wiles "certifying" the truth and accuracy of the version of the operating agreement that they proffered, the other investors of EQM are not bound by Wiles's "certification."

The question whether Jet, if it is in fact a member of EQM, forfeited any right to compensation by virtue of the allegedly faithless acts of one of its principals is not before us on this appeal. The sole issue raised by the cause of action for a declaratory judgment is whether Jet is a member of EQM, not whether Jet is entitled to a share of EQM's profits (*see Feiger v Iral Jewelry,* 41 NY2d 928 [1977]; *G.K. Alan Assoc., Inc. v Lazzari,* 44 AD3d 95, 100-101 [2007]).

The Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the cause of action for an accounting. While the defendants contend that the plaintiffs do not have standing to seek an accounting since they are not members of EQM, the defendants admitted in their answer that the plaintiff Harry Gordon is a member of EQM. Therefore, he has standing to demand an accounting.

The Supreme Court should have granted those branches of the defendants' cross motion which were for summary judgment dismissing the second and third causes of action alleging derivative claims on behalf of EQM against Wiles, as managing member, to recover damages for waste and mismanagement. Although members of a limited liability company may commence a derivative action on behalf of a limited liability company (see Tzolis v Wolff, 10 NY3d 100 [2008]), the defendants established, as a matter of law, that Wiles's conduct as managing member was consistent with his obligations under the operating agreement and Limited Liability Company Law § 409, and the plaintiffs failed to raise a triable issue of fact in opposition.

The parties' remaining contentions either are without merit or need not be considered in light of our determination. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.