■ HOWARD SILVER et al., Respondents, v RHONA SILVER et al., Appellants. [880 NYS2d 544]—In an action, inter alia, for an accounting, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), as denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) or for summary judgment dismissing the complaint, with leave to renew after discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7), as the complaint states valid causes of action for an accounting (*see East Quogue Jet, LLC v East Quogue Members, LLC*, 50 AD3d 1089 [2008]), constructive trust (*see Mendelovitz v Cohen*, 37 AD3d 670 [2007]; *Doxey v Glen Cove Community Dev. Agency*, 28 AD3d 511 [2006]), for a declaration of the existence of a joint venture (*see Kaufman v Torkan*, 51 AD3d 977 [2008]; *Tilden of N.J. v Regency Leasing Sys.*, 230 AD2d 784, 785-786 [1996]), and alleging shareholder derivative claims (*see Out of Box Promotions, LLC v Koschitzki*, 55 AD3d 575 [2008]).

Additionally, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss pursuant to CPLR 3211 (a) (5) based on a statute of frauds defense, and for summary judgment, with leave to renew after discovery. Under the circumstances of this case, the plaintiff is entitled to discovery before he is required to show that he has satisfied the statute of frauds (*see WPP Group USA v Interpublic Group of Cos.*, 228 AD2d 296, 297 [1996]; *International Trading & Sales v Philipp Bros.*, 99 AD2d 983 [1984]). Moreover, "[a] party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (*Amico v Melville Volunteer Fire Co., Inc.*, 39 AD3d 784, 785 [2007]). Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur.