Kaminski v Sirera (2019 NY Slip Op 01067)





Kaminski v Sirera


2019 NY Slip Op 01067


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-08116
 (Index No. 103/16)

[*1]Jill Kaminski, respondent, 
v
Christina Sirera, et al., defendants, Allyson Avila, etc., et al., appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (John M. Flannery and Maura A. Stanton of counsel), appellant pro se and for appellant Allyson Avila.
Ferrara Law, Goshen, NY (Jamie T. Ferrara of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants Allyson Avila and Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, appeal from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated May 25, 2016. The order, insofar as appealed from, denied those branches of the motion of those defendants which were pursuant to CPLR 3211(a) to dismiss the fifth, sixth, seventh, and eighth causes of action and the seventeenth cause of action insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Allyson Avila and Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, which were pursuant to CPLR 3211(a) to dismiss the fifth, sixth, seventh, and eighth causes of action and the seventeenth cause of action insofar as asserted against them are granted.
In or about 2009 or 2010, the plaintiff acquired membership units in nonparty Melange Med Spa, LLC (hereinafter the LLC), from a prior member of the LLC. In 2016, the plaintiff commenced this action individually and derivatively on behalf of the LLC against, among others, the defendant Christina Sirera, a managing member of the LLC, seeking, inter alia, declaratory and injunctive relief, an accounting, and damages for waste and breach of fiduciary duty. The plaintiff asserted causes of action against the defendants Allyson Avila and Wilson, Elser, Moskowitz, Edelman & Dicker, LLP (hereinafter Wilson Elser), attorneys for the LLC, alleging legal malpractice, breach of contract, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty.
Avila and Wilson Elser moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground, inter alia, that the plaintiff lacked standing to assert derivative causes of action on behalf of the LLC. The Supreme Court granted those branches of their motion which were to dismiss the causes of action alleging legal malpractice and breach of contract against them. The court denied those branches of their motion which were to dismiss the derivative causes of action alleging breach of fiduciary duty against them (fifth and sixth causes of action), the derivative causes of action alleging aiding and abetting breach of fiduciary duty against them (seventh and eighth causes of action), and the cause of action to recover, on behalf of the plaintiff, attorneys' fees and costs incurred in prosecuting the action (seventeenth cause of action) insofar as [*2]asserted against them. Avila and Wilson Elser appeal from so much of the order as denied those branches of their motion which were to dismiss the fifth, sixth, seventh, and eighth causes of action and the seventeenth cause of action insofar as asserted against them.
"[M]embers of a limited liability company (LLC) may bring derivative suits on the LLC's behalf" (Tzolis v Wolff, 10 NY3d 100, 102; see Jacobs v Cartalemi, 156 AD3d 605; Stack v Midwood Chayim Aruchim Dialysis Assoc., Inc., 54 AD3d 935; East Quogue Jet, LLC v East Quogue Members, LLC, 50 AD3d 1089). A "[m]ember" is a person who has been admitted as a member of a limited liability company in accordance with the terms and provisions of the Limited Liability Company Law and the limited liability company's operating agreement, and who has a membership interest in the limited liability company with the rights, obligations, preferences, and limitations specified under the Limited Liability Company Law and the operating agreement (Limited Liability Company Law § 102[q]). A "[m]embership interest" means "a member's aggregate rights in a limited liability company, including, without limitation: (i) the member's right to a share of the profits and losses of the limited liability company; (ii) the member's right to receive distributions from the limited liability company; and (iii) the member's right to vote and participate in the management of the limited liability company" (Limited Liability Company Law § 102[r]).
Here, the plaintiff does not dispute that she failed to obtain the consent of the nonselling members to be admitted as a member of the LLC when she acquired her membership interest. Paragraph 8 of the LLC's operating agreement provides that "[n]ew members may be admitted only upon the unanimous consent of the Members and upon compliance with the provisions of this agreement," and paragraph 32(e) of the operating agreement provides that "[a] non-member purchaser of a member's interest cannot exercise any rights of a Member unless, by unanimous vote, the non-selling Members consent to him becoming a Member" (see Limited Liability Company Law § 602). Therefore, contrary to the Supreme Court's determination, the plaintiff, as a nonmember purchaser who had not been admitted as a member of the LLC, lacks standing to pursue derivative causes of action on behalf of the LLC (see Tzolis v Wolff, 10 NY3d at 102; MFB Realty LLC v Eichner, 161 AD3d 661; Cordts-Auth v Crunk, LLC, 815 F Supp 2d 778 [SD NY], affd 479 Fed Appx 375 [2d Cir]).
Accordingly, the Supreme Court should have granted those branches of the motion of Avila and Wilson Elser which were to dismiss the fifth, sixth, seventh, and eighth causes of action and, in addition, the seventeenth cause of action insofar as asserted against them.
In light of our determination, we need not reach the remaining contention of Avila and Wilson Elser.
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court