Retail Consulting Servs., Inc. v New TSI Holdings, Inc. (2022 NY Slip Op 05295)

Retail Consulting Servs., Inc. v New TSI Holdings, Inc.

2022 NY Slip Op 05295

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Webber, J.P., Kern, Singh, Moulton, Shulman, JJ. 

Index No. 651518/21 Appeal No. 16251-16251A Case No. 2021-04686, 2022-02303 

[*1]Retail Consulting Services, Inc., Doing Business as RCS Real Estate Advisors, Plaintiff-Appellant,
v
New TSI Holdings, Inc., et al., Defendants-Respondents, John Does 1-20, et al., Defendants.

Wilk Auslander LLP, New York (Stuart M. Riback of counsel), for appellant.
Amini LLC, New York (Jeffrey Chubak of counsel), for New TSI Holdings, Inc., New TSI Ultimate Holdings Inc., PEAK Credit LLC, Le-Percq de Neuflize & Co. Inc., 507 Capital LLC and Integrity Square LLC, respondents.
DLA Piper LLP, New York (Marc A. Silverman of counsel), for Tacit Capital LLC, respondent.
Davidoff Hutcher & Citron LLP, New York (Joshua Krakowsky of counsel), for Coalition Investment Partners LP, respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered August 19, 2021, which granted defendants-respondents New TSI Holdings, Inc., Coalition Investment Partners LP, New TSI Ultimate Holdings, Inc., PEAK Credit LLC, Tacit Capital LLC, Le-Percq de Neuflize & Co. Inc., 507 Capital LLC, and Integrity Square LLC's (defendants) motion to dismiss the breach of implied contract claim against them, unanimously affirmed, with costs. Order, same court and Justice, entered May 17, 2022, which denied plaintiff's motion for leave to amend the complaint, unanimously reversed, on the law, with costs, and the motion granted.
Plaintiff contracted with Fitness Recovery Holdings, LLC (FRH) to act as broker for FRH's purchase of the assets of a third-party bankruptcy estate. When the FRH purchase fell through, plaintiff alleges it continued its negotiations services on behalf of defendants, a consortium of FRH affiliates and lenders, one of which became the ultimate purchaser.
The court properly dismissed the breach of implied contract claim against defendants. The complaint acknowledged that the FRH agreement would terminate if "FRH is unsuccessful in acquiring the debtor locations," but also alleged that "FRH was not unsuccessful in acquiring the Debtors' assets" because its principals and a corporate affiliate participated in the ultimate purchase. As the complaint did not allege that the FRH agreement had been terminated or was otherwise invalid or unenforceable, plaintiff failed to state a claim for breach of implied contract (see Peter Lampack Agency, Inc. v Grimes, 93 AD3d 430, 431 [1st Dept 2012]; Azimut-Benetti S.p.A. v Magnum Mar. Corp., 55 AD3d 483, 484-485 [1st Dept 2008]).
The court improvidently exercised its discretion in denying plaintiff leave to amend the complaint. The proposed second amended complaint was not so "patently insufficient on its face" as to warrant denial (Pier 59 Studios, L.P. v Chelsea Piers, L.P., 40 AD3d 363, 366 [1st Dept 2007] [citation omitted]). The allegations in the proposed amended complaint that specific representatives of defendants made oral and written promises to pay plaintiff in exchange for its services sufficiently supported plaintiff's claims that defendants either assumed FRH's obligations under the original agreement or entered into their own agreement with plaintiff. Furthermore, defendants did not assert that they would be prejudiced by the proposed amendments (see A.N. Frieda Diamonds, Inc. v Kaminski, 122 AD3d 517, 517 [1st Dept 2014]).
The proposed amended claims were not barred by the statute of frauds (see General Obligations Law § 5-701 [a] [2], [10]). In view of the references to written communications in the proposed amended complaint, and plaintiff's demonstration that defendants may be in exclusive possession of other writings, plaintiff is entitled to complete discovery before being required to show that it has satisfied the statute of frauds (see Silver v Silver, 63 AD3d 903[*2], 903 [2d Dept 2009]; WPP Group USA v Interpublic Group of Cos., 228 AD2d 296, 297 [1st Dept 1996]).
The court should have granted plaintiff leave to amend to assert a claim for quantum meruit. By its terms, the FRH agreement shall terminate if FRH "is unsuccessful in acquiring the debtor locations," a clause plaintiff claims was triggered when the bankruptcy sale closed to non-FRH buyers. Because there is a bona fide dispute as to the existence and application of the FRH agreement, plaintiff may proceed on the quasi-contract theory (see Curtis Props. Corp. v Greif Cos., 236 AD2d 237, 239 [1st Dept 1997]).
Defendants' contention that dismissal was appropriate as to Tacit Capital LLC is premature in view of plaintiff's allegations that Tacit and its representative were involved in the consortium's collective dealings with plaintiff.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022