■ OTIS ELEVATOR COMPANY, Respondent, v 1166 AVENUE OF THE AMERICAS CONDOMINIUM, Appellant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about July 18, 1989, which granted plaintiff's motion pursuant to CPLR 3025 for leave to file an amended complaint, unanimously affirmed, with costs. Appeal from order of the same court entered on September 18, 1989, which denied defendant's motion for reargument, is dismissed as nonappealable, without costs.

The IAS court properly granted plaintiff leave to amend its complaint to include two new causes of action for loss of future profits based on a theory of repudiation, despite plaintiff's failure to serve notice of contract renewal in compliance with General Obligations Law § 5-903. The party opposing the motion to amend must overcome a heavy presumption of validity in favor of the moving party *(Daniels v Empire-Orr, Inc.,* 151 AD2d 370, 371). Since the record shows that the defendant may be estopped from relying on General Obligations Law § 5-903 *(see, BWA Corp. v Alltrans Express U.S.A.,* 112 AD2d 850, 853), it cannot be said that the new causes of action are insufficient. Concur—Carro, J. P., Rosenberger, Kassal, Ellerin and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL SWINDELL, Appellant.—Reargument of this court's order (157 AD2d 549) entered on January 18, 1990 and other relief denied in the entirety. *Sua sponte,* the memorandum decision accompanying the aforesaid order is withdrawn, and the following substituted therefor:

Judgment of the Supreme Court, New York County (Rose Rubin, J.), rendered April 16, 1987, convicting defendant, after a jury trial, of robbery in the second degree and sentencing him to 2½ to 7½ years' imprisonment, is unanimously affirmed.

The *Rosario* material in question herein, while not timely disclosed, was merely duplicative of information already provided to the defense at a time when it was fully available for cross-examination of the witness. Consequently, reversal of defendant's conviction and remand for a new trial are not warranted under the circumstances applicable herein. Concur —Ross, J. P., Milonas, Wallach and Rubin, JJ.