■ JAMES SHEPPARD, Respondent, v BLITMAN/ATLAS BUILDING CORP. et al., Respondents-Appellants. BLITMAN/ATLAS BUILDING CORP., et al., Third-Party Plaintiffs-Respondents-Appellants, v NORTHBERRY CORP., Third-Party Defendant-Appellant-Respondent. [734 NYS2d 1] —Judgment, Supreme Court, Bronx County (George Friedman, J.), entered August 25, 1999, which, upon a jury verdict in favor of plaintiff, and apportioning liability 30% against defendant and third-party plaintiff Turner Construction Corp. (Turner) and 70% against third-party defendant, Northberry Corp. (Northberry), and upon an order, same court and Justice, entered April 25, 1999, which granted defendants' motion to set aside the verdict to the extent of vacating the award for future medical expenses, and granted Turner's motion for a directed verdict against Northberry based on Northberry's failure to procure insurance for defendants, directed that plaintiff recover of Northberry the total sum of $1,525,541.50: which included $10,000 for past pain and suffering; $102,000 for past lost earnings; $500,000 for future pain and suffering for 27 years; and $752,000 for 15 years of lost future earnings, unanimously modified, on the facts, to vacate the awards for past and future lost earnings and future pain and suffering, and remanding for a new trial as to those damages only, and, on the law, to direct that Turner's indemnification by Northberry is limited to costs and expenses for which Turner has not otherwise been covered under its own policy of insurance, and otherwise affirmed, without costs, unless, within 30 days of the date of this order, plaintiff stipulates to a reduced award of $54,000 for past lost earnings; $285,000 for future lost earnings, inclusive of lost pension benefits, and $250,000 for future pain and suffering and to entry of an amended judgment in accordance therewith.

There is no basis to disturb the jury's apportionment of liability which is supported by the record (*see, Wiseberg v Douglas Elliman-Gibbons & Ives,* 224 AD2d 361, 362). The accident occurred when plaintiff stepped back to avoid being hit by falling lumber and slipped on ice covered by ash. Although plaintiff had checked his surroundings prior to commencing

the job and determined it was safe to proceed, the lighting in the work area was dim. Accordingly, there was an adequate basis for the jury's conclusion that plaintiff was not at fault for failing to notice the ash-covered patch of ice (*cf., Doyne v Barry, Bette & Led Duke*, 246 AD2d 756). Also adequately supported was the jury's 30% liability apportionment to Turner since the record showed that Turner retained more than general supervisory power over the work (*see, Freitas v New York City Tr. Auth.*, 249 AD2d 184; *cf., Buccini v 1568 Broadway Assocs.*, 250 AD2d 466). The evidence showed that Turner was responsible for advising Northberry if the work was unsatisfactory or if there was an unsafe condition at the site and that Turner had the authority to stop work being performed unsafely. Turner was aware of the conditions at the work site and set up work site safety practices regarding accumulations of snow and ice. Northberry's vice president testified that Northberry had no such practice other than as directed by Turner. Thus, there was a rational basis for the jury to find that, notwithstanding Northberry's contractual obligation to clear its work area, Turner retained sufficient supervisory authority over the work to support the imposition of liability.

We find the awards for damages excessive to the extent indicated.

The court properly granted preclusive effect as against Northberry to a Workers' Compensation Board determination that plaintiff's aggravated back injury was causally related to the accident (*see, Ryan v New York Tel. Co.*, 62 NY2d 494; *Lee v Jones*, 230 AD2d 435, *lv denied* 91 NY2d 802).

The court properly deemed Turner's pleading asserting cross claims and counterclaims to be a third-party claim against Northberry. Any defect in the commencement of the action was waived by Northberry, which participated therein on the merits and never rejected the defective pleading (*see, Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 720-721; *Urena v NYNEX, Inc.*, 223 AD2d 442; *Nardi v Hirsh*, 250 AD2d 361, 364). Contrary to Northberry's claim, defective filing is waivable (*Fry v Village of Tarrytown, supra*).

Furthermore, the court properly permitted Turner to amend its third-party complaint to assert a claim for breach of contract to procure insurance. Leave to amend pleadings should be freely granted absent prejudice or surprise (*Prote Contr. Co. v Board of Educ. of City of N. Y.*, 249 AD2d 178). In the absence of prejudice, mere delay is insufficient to defeat the amendment (*17 Vista Fee Assocs. v Teachers Ins. & Annuity Assn.*, 259 AD2d 75, 84). Northberry has not demonstrated prejudice

resulting from Turner's delay in seeking the amendment. Notably, Northberry had notice of the breach of contract claim since it was asserted in the bill of particulars of the other third-party plaintiffs, which contained a claim identical to the one asserted by Turner. Moreover, Northberry was provided with a copy of the contract between Northberry and Turner together with the bill of particulars. Turner does not dispute that it was covered by its own insurance covering the risk for which Northberry was supposed to obtain insurance. Therefore, the proper measure of Turner's recovery from Northberry would be the full cost of insurance to Turner, including, to the extent pertinent, the premiums it paid for its own insurance, any out-of-pocket costs that may have been incurred incidental to the policy, and any increase in its future insurance premiums resulting from the present liability claim (*Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111; *Trokie v York Preparatory School*, 284 AD2d 129).

The court properly permitted the testimony of a union witness notwithstanding plaintiff's failure to disclose the identity of the witness prior to trial. The witness, who testified about the terms of plaintiff's pension plan, was a fact witness and not an expert witness. Thus, the disclosure requirement in CPLR 3101 (d) (1) was inapplicable (*see, Rook v 60 Key Centre*, 239 AD2d 926; *Santariga v McCann*, 161 AD2d 320, 321). Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.

Reargument granted and, upon reargument, the Decision and Order of this Court entered herein on December 19, 2000 (278 AD2d 116) is hereby recalled and vacated.