■ MANHATTAN TELECOMMUNICATIONS CORPORATION, Doing Business as METTEL, Respondent, v BEST PAYPHONES, INC., Appellant. [749 NYS2d 246] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered May 9, 2001, which upon a prior grant of summary judgment on plaintiff's account stated cause of action, awarded plaintiff $185,205.68, plus interest, and judgment, same court and Justice, entered June 29, 2001, which, after a hearing before a Special Referee, awarded plaintiff attorneys' fees and expenses in the amount of $20,140, unanimously affirmed, with costs.

Contrary to defendant's contention, plaintiff's submission of Department of State certification, the validity of which was unrebutted by defendant, was sufficient to establish that plaintiff was authorized to do business in New York (see General Business Law § 130 [6]).

Defendant's claim, raised for the first time on this appeal, that this matter falls within the Public Service Commission's exclusive primary jurisdiction, is waived (see e.g. Shine v Duncan Petroleum Transp., 60 NY2d 22). In any event, the issues raised by plaintiff did not require the technical expertise of the Public Service Commission. Plaintiff alleged a routine account stated claim for payment for services rendered, which claim was well within the conventional scope of the court's competence (see United States v Western Pac. R.R. Co., 352 US 59).

On the record before this Court, summary judgment was properly granted on an account stated. Defendant's receipt and retention of plaintiff's invoices seeking payment for telephone services rendered, without objection within a reasonable time, gave rise to an actionable account stated, entitling plaintiff to summary judgment (see Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp., 228 AD2d 294, 295-296). There was

no indication that any protest was made to the regularly issued invoices, aside from bare assertions of oral protests contained in an unsupported affidavit. These "self-serving, bald allegations of oral protests were insufficient to raise a triable issue of fact as to the existence of an account stated" (*Darby & Darby v VSI Intl.*, 95 NY2d 308, 315).

The award of attorneys' fees constituted a proper exercise of discretion. The Referee's recommendations were fully supported by the record and not excessive. Concur—Tom, J.P., Sullivan, Rosenberger, Ellerin and Rubin, JJ.