■ THOMAS KNAUER, Respondent, v DIANE L. ANDERSON, as Executrix of WILLIAM F. ANDERSON, SR., Deceased, et al., Respondents, et al., Defendant. DIANE L. ANDERSON, as Executrix of WILLIAM F. ANDERSON, SR., Deceased, et al., Third-Party Plaintiffs, v RONALD A. KNAUER, JR., Doing Business as KNAUER ELECTRIC, Third-Party Defendant-Respondent. TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, Intervenor-Respondent; NEW YORK STATE INSURANCE FUND, Intervenor-Appellant. (Appeal No. 2.) [770 NYS2d 268]—

Appeal from a judgment of Supreme Court, Erie County (Howe, J.), entered March 15, 2002, which determined that plaintiff was an employee of third-party defendant.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff was installing electrical wire in a metal pole barn and fell from an elevated work site while allegedly employed by third-party defendant, Ronald A. Knauer, Jr., doing business as Knauer Electric (Knauer Electric). Plaintiff filed a workers' compensation claim and also commenced this action in Supreme Court, and defendants commenced a third-party action against Knauer Electric. We previously affirmed a judgment and order of Supreme Court entered August 24, 2001 that, inter alia, granted plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) and deferred resolution of motions in the third-party action until the conclusion of proceedings before the Workers' Compensation Board (Board) (*Knauer v Anderson*, 299 AD2d 824 [2002]). The issue before the Board was whether plaintiff was an employee of Knauer Electric or an independent contractor.

The Board's proceedings were adjourned due to the illness of the Administrative Law Judge, and one of the defendants moved the court to itself decide the issue of plaintiff's employment status. No party objected, and the court issued an order that, inter alia, stayed the Board's proceedings pending a hearing to be conducted by the court on the issue of plaintiff's employment status. The court thereafter granted the motion of the New York State Insurance Fund (Fund) to intervene "for the limited

purpose of participating in any hearing this Court conducts on the issue of the employment relationship, if any, between Plaintiff and [Knauer Electric], as well as any appeals in connection therewith . . . ." The court ultimately issued a judgment determining that plaintiff was an employee of Knauer Electric, and the court denied the Fund's subsequent motion to vacate the judgment. The Fund appeals from the order insofar as it provided that the court would conduct a hearing to determine plaintiff's employment status and stayed the Board's proceedings pending the hearing to be conducted by the court on the issue of plaintiff's employment status (appeal No. 1); the judgment following the hearing (appeal No. 2); and the subsequent order insofar as it denied its motion to vacate the judgment (appeal No. 3).

We reject the contention of the Fund that the court lacked subject matter jurisdiction to conduct the hearing on the issue of plaintiff's employment status. It is well settled that the Board "has primary jurisdiction, but not necessarily exclusive jurisdiction, in factual contexts concerning compensability" (*Liss v Trans Auto Sys.*, 68 NY2d 15, 20 [1986]; *see Shine v Duncan Petroleum Transp.*, 60 NY2d 22, 25 [1983]; *Murray v City of New York*, 43 NY2d 400, 407 [1977], *rearg dismissed* 45 NY2d 966 [1978]).

To the extent that the Fund contends that the court erred in conducting the hearing because the Board has primary jurisdiction to determine the applicability of the Workers' Compensation Law, we conclude that all parties at the time of the order staying the Board's proceedings pending the court hearing could, and did, waive the exclusive remedy of workers' compensation (*cf. Murray*, 43 NY2d at 407). Furthermore, the Fund waived that contention by, inter alia, participating in the hearing without objecting to the court's assertion of jurisdiction (*see Manhattan Telecom. Corp. v Best Payphones*, 299 AD2d 178 [2002], *lv denied* 100 NY2d 507 [2003]). Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.