■ BERKMAN BOTTGER & RODD, LLP, Appellant, v STEPHANIE O'HARA MORIARTY, Respondent. [871 NYS2d 135]—

Order, Supreme Court, New York County (Leland G. De-Grasse, J.), entered January 9, 2008, which, in an action for unpaid legal fees, denied plaintiff law firm's motion for summary judgment on its first cause of action for account stated, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in plaintiff's favor in the amount of $83,150.53, with statutory interest from March 23, 2007.

Summary judgment on the account stated cause of action should have been granted. Plaintiff's procedural error in submitting an attorney's affirmation in support of its motion, as opposed to an affidavit as required by CPLR 2106, was timely remedied when the same affirmation was submitted in affidavit form in reply papers (*see e.g. Wester v Sussman*, 304 AD2d 656 [2003], *lv denied* 100 NY2d 510 [2003]), and there is no indication that defendant client was prejudiced by the technical defect in opposing the motion.

Evidence in the form of detailed monthly invoices addressed to defendant, together with affidavits submitted by plaintiff and defendant, indicating that the invoices were regularly and timely forwarded to and received by defendant, established plaintiff's compliance with the retainer agreement's regular billing requirements. Defendant's contention that she often orally objected to the bills by making general complaints to plaintiff that the bills were high was self-serving, not time specific, and

otherwise contradicted by her actions in failing to avail herself of the offered arbitration (*see Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000]; *Manhattan Telecom. Corp. v Best Payphones*, 299 AD2d 178 [2002], *lv denied* 100 NY2d 507 [2003]). Furthermore, defendant's undated letter to the court, complaining that the bills were "too high" and that plaintiff continuously assured her that her husband would have to pay the bills generated in the matrimonial action, was vague and belated since it appears to have been drafted months after plaintiff had moved to be relieved as defendant's counsel. Concur—Tom, J.P., Andrias, Nardelli, Catterson and Moskowitz, JJ.