(September 8, 2011)

■ JEFFREY SERBIN, Appellant, v RODMAN PRINCIPAL INVESTMENTS, LLC, et al., Respondents. [929 NYS2d 136]—

The parties' separation agreement bars the very claims that plaintiff asserts in this action arising from his withdrawal from defendant Aceras Partners, LLC (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.,* 76 AD3d 310 [2010], *affd* 17 NY3d 269 [2011]; *see also Global Mins. & Metals Corp. v Holme,* 35 AD3d 93 [2006], *lv denied* 8 NY3d 804 [2007]). Because the release is clear and unambiguous, plaintiff may not endeavor to vary its terms or to create an ambiguity by resorting to extrinsic evidence (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 163 [1990]). Nor is the release invalid for lack of consideration (*see* General Obligations Law § 15-303).

The agreement, "by its terms, extinguishes liability on any and all claims arising in connection with [plaintiff's withdrawal from Aceras] [and therefore] is deemed to encompass claims of fraud relating to [that] matter[ ], even if the release does not specifically refer to fraud and was not granted in settlement of an actually asserted fraud claim" (*Centro,* 76 AD3d at 318-319). In any event, defendant Liatos's representation that plaintiff's economic interest as set forth in the separation agreement was equivalent to a 10% interest in Huxley, a "Portfolio Company" from the proceeds of sale of which plaintiff had the right to receive distributions, was not false at the time of the agreement. Nor was it inaccurate for Liatos to represent that plaintiff's interest was the same as the interest held by the other members of Aceras at the time and would remain so until his withdrawal from Aceras. To the extent plaintiff alleges that Liatos informed him that his interest in Huxley would forever remain 10% of the proceeds from the sale thereof, his reliance on such a representation was unreasonable. The separation agreement does not set forth plaintiff's interest in Huxley in terms of his membership interest; it expresses his interest as

equivalent to 400,000 shares of Huxley. In addition, the Aceras operating agreement provides that a withdrawing member ceases to retain an interest based on his membership percentage and retains only a certain economic interest in the portfolio companies owned prior to his withdrawal.

We reject plaintiff's argument that the separation agreement should be interpreted to give him a 10% interest in the proceeds from the sale of Huxley so that it accords with his interpretation of the operating agreement. Even assuming that his interpretation of the operating agreement is correct, or that the operating agreement is ambiguous, the separation agreement is not ambiguous. It thus effectively modifies the operating agreement by defining plaintiff's interest as the value of 400,000 shares of Huxley, rather than a percentage of the proceeds from the sale of Huxley based on his membership interest (*see Reiss v Financial Performance Corp.*, 97 NY2d 195 [2001]).

We have considered plaintiff's remaining arguments, including his minority shareholder dilution claim, and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Román, JJ.