■ YANN GERON, as Chapter 7 Trustee of the Estate of THELEN LLP, Respondent, v STEVEN DeSANTIS, Appellant. [933 NYS2d 260]—

Plaintiff established prima facie entitlement to judgment as a matter of law on his claim of account stated by establishing that the law firm generated detailed monthly invoices and mailed them to defendant on a regular basis in the course of its business (*see Berkman Bottger & Rodd, LLP v Moriarty*, 58 AD3d 539 [2009]; *American Express Centurion Bank v Williams*, 24 AD3d 577 [2005]).

Defendant's allegations of oral objections lack the specificity to raise issues of fact as to an account stated (*see Berkman*, 58 AD3d at 539; *Zanani v Schvimmer*, 50 AD3d 445, 446 [2008]). Defendant's reliance on his letter of September 2, 2008, in which he referred to "concerns" about the firm's bills, is misplaced, as the letter offers no detail as to the nature of those concerns. The letter also came long after defendant's receipt of the majority of the firm's bills, and postdated, by more than one year, an earlier letter written by defendant in June 2007, in which he acknowledged a large outstanding balance and confirmed that he would pay that sum "in full without defense of any kind" upon receipt of certain monies from his mother's estate.

Defendant further expressed his desire for the firm to continue representing him, and acknowledged that fees for the firm's continuing services "may be substantial." Defendant's contention that this letter raises "unanswered questions of fact" as to whether it was drafted by the firm and signed by defendant "perhaps under duress or pressure of some sort" is unpreserved, as he did not raise this argument below (*see Logiudice v Logiudice*, 67 AD3d 544, 545 [2009]). In any event, defendant's argument is speculative and lacks support in the record.

We have considered and rejected defendant's contention that there are inconsistencies in the sums sought by plaintiff in his account stated claim. We also reject defendant's claim that the summary judgment motion was premature in light of the fact that discovery had not yet been completed. We find that there is no need for further discovery as to whether defendant ever protested the firm's bills, since that is "a matter within [his] own knowledge" (*Duane Morris LLP v Astor Holdings Inc.*, 61 AD3d 418, 419 [2009]). Concur—Moskowitz, J.P., Renwick, DeGrasse, Abdus-Salaam and Román, JJ.