Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on February 2, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiffs motion for leave to amend the complaint, unanimously modified, on the law, to *450 grant plaintiff leave to file the proposed amended complaint except insofar as it asserts the cause of action for breach of contract against defendant individually, and otherwise affirmed, without costs.
During the administration of decedents Juris and Baiba Brensson’s estates, plaintiff informed defendant executrix of his claim to co-ownership of the bottom portion of a rare cello located among the estates’ assets. Although defendant informed plaintiff that efforts would be made to locate the cello upon some proof of his claim, which he subsequently provided, the cello was not produced. Accordingly, plaintiff brought suit alleging breach of fiduciary duty and conversion. During discovery, it was revealed that the Surrogate’s Court had been informed that plaintiffs claim to the cello was without foundation, and that thereafter, the cello was sold at a Christie’s auction for $21,500. Plaintiff then sought leave to amend his complaint to add claims for fraud and breach of contract, which Supreme Court denied.
Leave to amend pleadings under CPLR 3025 (b) should be freely given, and denied only if there is “prejudice or surprise resulting directly from the delay” (McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983]), or if the proposed amendment “is palpably improper or insufficient as a matter of law” (Shepherd v New York City Tr. Auth., 129 AD2d 574, 574 [1987]). A party opposing leave to amend “must overcome a heavy presumption of validity in favor of [permitting amendment]” (Otis El. Co. v 1166 Ave. of Ams. Condominium, 166 AD2d 307 [1990]). Prejudice to warrant denial of leave to amend requires “ ‘some indication that the defendants] ha[ve] been hindered in the preparation of [their] case or has been prevented from taking some measure in support of [their] position’ ” (Kocourek v Booz Allen Hamilton Inc., 85 AD3d 502, 504 [2011] [citation omitted]).
Plaintiffs amended complaint and the documents submitted in support of his motion, which include Christie’s records documenting the cello’s sale subsequent to the making of plaintiff’s claim, allege facts which reasonably infer the existence of a fraud action’s requisite elements, i.e., a false representation concerning a material fact, scienter, reliance, and damages (see Stuart Silver Assoc. v Baco Dev. Corp., 245 AD2d 96, 98 [1997]). Likewise, the complaint and supporting documents allege facts of plaintiff’s performance under an agreement with the decedents to co-own the cello, the breach of that agreement by the decedents or by defendant in her capacity as representative of their respective estates, and resulting damages, so as to support a claim for breach of contract against de *451 fendant as executrix of the estates (JP Morgan Chase v J.H. Elec. of NY., Inc., 69 AD3d 802, 803 [2010]).
We discern no cognizable prejudice to defendant by allowing the amendment. Defendant’s argument that plaintiffs action is time-barred under the laws of New Jersey, where the estates were administered, having not been raised below, is unpreserved for our consideration on this appeal (Geron v DeSantis, 89 AD3d 603, 604 [2011]). Concur — Gonzalez, P.J., Friedman, Renwick, Manzanet-Daniels and Roman, JJ.