Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered November 14, 2011, which granted defendant City of New York’s motion to amend its answer, for partial summary judgment dismissing plaintiffs breach of contract claim and to declare that the notice of claim related to the contract had been withdrawn, and denied plaintiff’s cross motion as moot, unanimously affirmed, without costs.
The court properly granted defendant’s motion for leave to amend its answer to add an affirmative defense of waiver and release and a counterclaim seeking a declaration that plaintiffs notice of claim was deemed withdrawn. Plaintiff failed to demonstrate any “prejudice or surprise resulting directly from the delay” or to show that the proposed amendment “is palpably improper or insufficient as a matter of law” (McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012] [internal quotation marks and citations omitted]).
Plaintiff’s arguments that defendant’s amendment is not meritorious and that partial summary judgment was improper lack merit. Plaintiff signed a release and waiver which stated that it “agree[d] to withdraw any of [its] previous claims filed against the city demanding damages for delay, and waive[d] any such claims for delay damages which the [plaintiff] may have resulting from the work performed prior to the date of registration.” “Because the release is clear and unambiguous, plaintiff may not endeavor to vary its terms or to create an ambiguity by resorting to extrinsic evidence” meant to explain the parties’ intentions (Serbin v Rodman Principal Invs., LLC, 87 AD3d 870, 870 [1st Dept 2011], citing W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163 [1990]). “Nor is the release invalid for lack of consideration” (id., citing General Obligations Law § 15-303).
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Tom, J.P, Mazzarelli, Saxe, Moskowitz and Manzanet-Daniels, JJ. [Prior Case History: 2011 NY Slip Op 32988(U).]