Order, Supreme Court, New York County (Richard F. Braun, *644 J.), entered June 13, 2012, which, to the extent appealed from, denied plaintiffs cross motion for leave to amend the complaint to add three defendants and additional claims, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the cross motion granted.
Plaintiff seeks recovery for property damage sustained to its bank branch located at 2084-2090 Linden Boulevard, in Brooklyn, as a result of a June 10, 2008 fire, which originated in a portion of the premises leased to defendant Chatkhan. At the time of the fire, the premises were owned by defendant Harriet Stathakos, together with her father, Bill Stathakos, and her uncle, Nick Stathakos.
Plaintiffs cross motion sought to add the premises’ other owners, who were similarly situated to the defendant-owner, and the managing agent for the premises, as defendants, and to amplify the allegations of negligence to include, inter alia, a claim that the premises contained inadequate firestopping and that firewalls had been improperly removed. Plaintiff made the requisite evidentiary showing of the viability of its proposed amendments via the submission of, inter alia, deposition testimony of one of the parties, affidavits from the proposed additional parties, the lease, and evidence of fire safety violations. Accordingly, leave to amend should have been granted in the absence of evidence of substantial prejudice or surprise (see CPLR 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]) or that the proposed amendments were “palpably insufficient or patently devoid of merit” (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 499 [1st Dept 2010]).
The sufficiency of plaintiff’s proposed amendments was implicitly recognized by the court in denying the defendant-owner’s motion for summary judgment dismissing the complaint. In opposition, defendant Harriet Stathakos failed to “overcome a presumption of validity in [plaintiffs] favor” (Peach Parking Corp. v 346 W. 40th St., LLC, 42 AD3d 82, 86 [1st Dept 2007]). Concur — Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ.