■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CINDY FLETCHER, Appellant. [977 NYS2d 663]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Gregory Carro, J.), rendered on or about December 8, 2010, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Gonzalez, P.J., Tom, Renwick, Freedman and Clark, JJ.

■ HARLEM REAL ESTATE LLC et al., Appellants, v NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION et al., Respondents. [976 NYS2d 33]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered July 11, 2012, which granted defendants' motion to amend their answer to assert several counterclaims and denied plaintiffs' cross motion seeking, inter alia, to dismiss defendants' counterclaims and to preclude defendants from offering evidence in support of their counterclaim alleging breach of contract, unanimously affirmed, without costs.

The motion court properly granted defendants' request for leave to amend the answer to add counterclaims seeking, inter alia, repayment for work performed to maintain the property in a safe condition while plaintiffs remained in possession of the property after the time of the original answer. Plaintiffs' argument that the alleged damages occurred after defendants had issued a default notice to plaintiff and thus title had reverted to defendants is unavailing. During that relevant time period, plaintiffs had posted an undertaking, obtained a stay, remained in possession and contested defendants' right to retake title in this action. Plaintiffs failed to demonstrate prejudice or otherwise show that the proposed amendment is palpably improper or insufficient as a matter of law (*see McGhee v Odell*, 96 AD3d 449 [1st Dept 2012]).

The court also properly denied plaintiffs' cross motion to dismiss defendants' original counterclaim for breach of contract and to preclude defendants from offering evidence in support of that claim not already produced. Plaintiffs did not show that the production of additional documents in support of the claim would be improper, or that the subsequent sale of the property was sufficient to cover the alleged damages. Concur—Gonzalez, P.J., Tom, Renwick, Freedman and Clark, JJ.