■ A.N. Frieda Diamonds, Inc., Appellant, v Yaron Kaminski, Respondent. [998 NYS2d 6]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered February 3, 2014, which, to the extent appealed from, denied plaintiff's motion for leave to amend the complaint to add a cause of action for fraud, unanimously reversed, on the law and the facts, with costs, and the motion granted.

The court improvidently exercised its discretion in denying plaintiff's motion for leave to amend the complaint where there is no evidence that defendant would be prejudiced or surprised by the proposed amendment (*see* CPLR 3025 [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983]; *JPMorgan Chase Bank, N.A. v Low Cost Bearings NY Inc.*, 107 AD3d 643, 644 [1st Dept 2013]). The record shows that defendant was aware of the fraud allegations since plaintiff's filing of the adversary proceeding complaint in January 2011 during proceedings before the U.S. Bankruptcy Court, where discovery on the fraud issue had been completed; that the Bankruptcy Court directed that the fraud claim be adjudicated with the other claims pending before Supreme Court; and that the allegations in the present proposed amended complaint are the same as those raised before the Bankruptcy Court.

Plaintiff has alleged fraud with the requisite particularity (*see* CPLR 3016 [b]; *Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 116 [1st Dept 1998]), and has made a sufficient showing of merit (*see Daniels v Empire-Orr, Inc.*, 151 AD2d 370, 371 [1st Dept 1989]). The facts alleged show that defendant knowingly misrepresented that he had scheduled meetings with potential diamond buyers in Dallas, that he made such representation to induce plaintiff to give him $700,000 worth of diamonds to take with him, and that plaintiff justifiably relied on the representation to its detriment (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). Plaintiff's proof permits a reasonable inference of fraudulent intent (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 492-494 [2008]).

Under the circumstances, plaintiff's inadvertent delay in seeking leave to amend is excusable (*cf. Jablonski v County of Erie*, 286 AD2d 927 [4th Dept 2001]). Concur—Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ.