■ ALVIN CHANIN et al., Appellants, v VICTOR A. MACHCINSKI, JR., et al., Respondents. [31 NYS3d 492]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered December 24, 2014, which granted defendants' mo-

tion to dismiss the complaint and for summary judgment dismissing the complaint, and denied plaintiffs' cross motion for leave to file the proposed amended complaint, unanimously reversed, on the law, with costs, defendants' motion denied, and plaintiffs' cross motion granted.

The evidence shows that plaintiffs requested a letter from defendants, who were outside counsel to a hedge fund in which plaintiffs had invested, regarding the implications of certain Security and Exchange Commission (SEC) inquiries into the fund. Defendants responded with a letter, addressed to plaintiffs, specifically answering plaintiffs' questions by characterizing the SEC inquiry as part of a new routine the SEC would be following under the newly passed Dodd-Frank legislation. Plaintiffs allege that, based upon defendants' assurances, they did not withdraw their investment in the fund. About a year after receiving the letter, the SEC instituted administrative cease and desist proceedings against the fund's managers, and the SEC ultimately prevailed in the proceedings. Plaintiffs allege that they lost their entire investment as a result of their reliance on defendants' false and misleading statements. Under the circumstances, plaintiffs adequately pleaded and showed the required "privity-like" relationship for their negligent misrepresentation claim (*J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]; *see Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382-385 [1992]).

Defendants are correct that this Court can affirm on alternative bases argued to, but not reached by, the motion court (*Nickerson v Volt Delta Resources*, 211 AD2d 512, 512 [1st Dept 1995], *lv dismissed in part and denied in part* 86 NY2d 860 [1995]), and that they cured their improper submission of the attorney defendant's affirmation by submitting the same affirmation in affidavit form on reply (*see Berkman Bottger & Rodd, LLP v Moriarty*, 58 AD3d 539, 539 [1st Dept 2009]). Nevertheless, they are not entitled to dismissal of the complaint. Plaintiffs adequately pleaded the other elements of their negligence claim, and defendants failed to establish as a matter of law that there were no false statements in the letter, that plaintiffs' reliance on defendants' statements was unreasonable, or that the alleged false statements did not proximately cause plaintiffs' alleged losses (*see generally J.A.O. Acquisition Corp.*, 8 NY3d at 148).

Plaintiffs' cross motion for leave to file their proposed amended complaint to correct a typographical error with regard to the attorney defendant's first name should be granted.

Concur—Tom, J.P., Sweeny, Andrias, Manzanet-Daniels and Webber, JJ.