Veloz v Jiddou (2023 NY Slip Op 00292)

Veloz v Jiddou

2023 NY Slip Op 00292

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kapnick, J.P., González, Mendez, Shulman, Higgitt, JJ. 

Index No. 35837/20E Appeal No. 17167 Case No. 2022-02655 

[*1]Sashion K. Veloz et al., Plaintiffs-Appellants,
v
Mohamed Jiddou et al., Defendants-Respondents.

Constantinidis & Associates, P.C., Bellmore (Steven T. Lane of counsel), for appellants.
Baker, McEvoy & Moskovits, Brooklyn (Marjorie E. Bornes of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered December 7, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(5) and denied plaintiffs' cross motion for leave to amend the complaint, pursuant to CPLR 3025(b), unanimously reversed, on the law, without costs, the complaint reinstated, and the cross motion for leave to amend the complaint to reflect the appointment of a guardian for the infant plaintiff granted.
This action arises from a two-vehicle intersection accident that occurred on January 2, 2018, when a vehicle operated by defendant Mohamed Jiddou and owned by defendant Metro Livery Leasing LLC allegedly collided with the rear of a vehicle operated by plaintiff Sashion Velez (Sashion), and in which her infant daughter, plaintiff Ariana Velez (Ariana), 13 years old, was a passenger.
On or about December 30, 2020, plaintiffs commenced this action for personal injuries they allegedly sustained in the accident due to defendants' negligence, with Ariana suing in her own name, without a guardian.
In their answer dated January 22, 2021, defendants raised an affirmative defense as to Ariana's capacity to sue and asserted a counterclaim alleging that the accident was caused by Sashion and seeking judgment against her.
By notice of motion dated March 31, 2021, defendants moved pursuant to CPLR 3211(a)(5) to dismiss Ariana's claims based on infancy, and to disqualify plaintiffs' law firm from representing both plaintiffs based on a conflict of interest, together with such other and further relief as the court deemed just and proper.
Plaintiffs opposed the motion and cross moved pursuant to CPLR 3025(b) for leave to amend the summons and complaint to name Sashion in both her individual capacity and in her representative capacity as the mother and natural guardian for Ariana.
The court should not have dismissed the complaint in its entirety, as defendants sought only an order of disqualification against plaintiffs' counsel, and dismissal of the infant plaintiff's claims based on incapacity to sue (see Tirado v Miller, 75 AD3d 153, 158 [2d Dept 2010]; see also Hyman v Able & Ready Appliance Repair Corp., 193 AD3d 509, 510 [1st Dept 2021]). Rather, the court should have granted the cross motion for leave to amend the complaint to allow for an appropriate guardian to be appointed for the infant plaintiff (McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012]). Plaintiffs are not appealing the order to the extent it disqualified plaintiffs' counsel and plaintiffs have
been advised to retain new and separate counsel.
We have considered the remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: January 24, 2023