176 W. 87th St. Owners Corp. v Guercio (2023 NY Slip Op 02277)

176 W. 87th St. Owners Corp. v Guercio

2023 NY Slip Op 02277

Decided on May 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2023

Before: Kern, J.P., Oing, Kennedy, Shulman, Higgitt, JJ. 

Index No. 151822/19 Appeal No. 153 Case No. 2022-05183 

[*1]176 West 87th Street Owners Corp., Plaintiff-Respondent,
v
Matthew Guercio et al., Defendants, D & B Engineers and Architects, P.C., Defendant-Appellant.

L'Abbate, Balkan, Colavita & Contini, L.L.P., Melville (Lee Sacket of counsel), for appellant.
Axelrod, Fingerhut & Dennis, New York (Osman Dennis of counsel), for respondent.

Order, Supreme Court, New York County (Lori Sattler, J.), entered June 30, 2022, which, to the extent appealed from, denied defendant D&B Engineers and Architects, P.C.'s (D&B) motion for summary judgment dismissing the complaint and all cross-claims as against it, and granted defendant John Franco Contractors Inc.'s (Franco) motion for leave to amend its answer to assert a cross-claim for contribution against D&B, unanimously modified, on the law, to grant that portion of D&B's motion for summary judgment dismissing all cross-claims as against it for common law indemnification, and otherwise affirmed, without costs.
The motion court properly denied D&B's motion for summary judgment dismissing the complaint. There are triable issues of fact as to whether D&B assumed a duty to perform work related to the demolition of the kitchen, from where the gas pipe was removed, and whether D&B was in fact involved in such work or the supervision thereof (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Given the foregoing, the court also properly denied D&B's motion to the extent that it sought dismissal of the cross-claims against it for contribution (see generally Raquet v Braun, 90 NY2d 177, 183 [1997]). However, to the extent any defendant has asserted a cross-claim against D&B for common law indemnification, that cross-claim should have been dismissed as those defendants are not being held vicariously liable (see McCarthy v Turner Const. Inc., 17 NY3d 369, 377-378 [2011] ["a party cannot obtain common-law indemnification unless it has been held to be vicariously liable without proof of any negligence or actual supervision on its own part"]).
The court providently exercised its discretion in granting Franco's motion for leave to amend its answer to assert a cross-claim for contribution against D&B (see CPLR 3025[b]); Kocourek v Booz Allen Hamilton Inc., 85 AD3d 502, 504 [1st Dept 2011]). Mere delay was insufficient to defeat the motion for leave to amend, and D&B failed to establish prejudice (Kocourek, 85 AD3d at 504).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2023