Harris v Trueaccord Corp. (2025 NY Slip Op 50722(U))

[*1]

Harris v Trueaccord Corp.

2025 NY Slip Op 50722(U)

Decided on March 13, 2025

Civil Court Of The City Of New York, New York County

Li, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 13, 2025
Civil Court of the City of New York, New York County

Harris, Plaintiff,

against
Trueaccord Corp., Defendant.

Index No. CV-008320-23/NY

Plaintiff's counsel: 
Barshay, Rizzo & Lopez, PLLC
445 Broadhollow Rd 
Suite CL18
Melville, New York 11747
Defendant's counsel:
Messer Strickler Burnette Ltd 
142 W Station Street
Barrington, Illinois 60010

Wendy Changyong Li, J.

I. Recitation of the papers considered in the review of this 
 Motion as required by CPLR 2219(a)
Upon reviewing Plaintiff's Motion to File an Amended Complaint ("Motion #1"), Defendant's opposition ("Opposition"), and Plaintiff's reply ("Reply"), together with all supporting documents, Motion #1 is decided as follows.

 II. Background
On July 11, 2023, Plaintiff commenced the instant action, alleging eight causes of action in connection with Defendant's purported collection of a debt. Plaintiff contended that she received an undated collection letter from Defendant ("Letter"), which stated that Plaintiff owed $43.86 to nonparty Klarna. Plaintiff argued that Defendant's utilization of a third-party vendor to send the Letter to Plaintiff gave rise to negligence, negligence per se and negligent misrepresentation, as well as violation of the New York General Business Law § 349 ("NYGBL") and the Fair Debt Collection Practices Act § 1692 ("FDCPA"). With respect to Defendant's alleged violation of FDCPA, Plaintiff also contended that Defendant overshadowed Plaintiff's dispute rights and failed to provide accurate and clear information in the Letter.
Defendant timely joined the action and interposed its Answer. The parties engaged in written discovery. On June 11, 2024, Plaintiff filed the instant motion, seeking to join two new [*2]parties as defendants and asserted five causes of action. Defendant opposed, arguing that the proposed amended Complaint ("Amended Complaint") was palpably insufficient and devoid of merit, as Plaintiff lacked standing and personal jurisdiction over the proposed additional defendants. Plaintiff replied. Motion #1 was subsequently submitted and thereafter assigned to this Court for a determination.

 III. Discussion
Pursuant to CPLR 3025(c), "the court may permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be just including the granting of costs and continuances" (CPLR 3025[c]). A party may amend a pleading "at any time by leave of court" (CPLR 3025[b]).
It is well established that leave to amend a complaint shall be "freely given" and denied only if there is "prejudice or surprise resulting directly from the delay" (see McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757, 450 N.E.2d 240, 463 N.Y.S.2d 434 [1983]; Kimso Apartments, LLC v Gandhi, 24 NY3d 403, 411, 998 N.Y.S.2d 740 [2014]), or if the proposed amendment is not palpably insufficient as a matter of law (see McGhee v Odell, 96 AD3d 449, 450, 946 N.Y.S.2d 134 [1st Dept 2012]; Mashinsky v Drescher, 188 AD3d 465, 466, 131 N.Y.S.3d 891 [1st Dept 2020]). "Prejudice requires some indication that [Defendant] has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (see Kocourek v Booz Allen Hamilton Inc., 85 AD3d 502, 504, 925 N.Y.S.2d 51 [1st Dept 2011] [internal citations omitted]).
"A party opposing leave to amend 'must overcome a heavy presumption of validity in favor of [permitting amendment]'" (see McGhee, 96 AD3d 449, 450, 946 N.Y.S.2d 134 [1st Dept 2012] quoting Otis El. Co. v 1166 Ave. of Ams. Condominium, 166 AD2d 307, 307, 564 N.Y.S.2d 119 [1st Dept 1990]).
Here, Plaintiff sought to amend the Summons and Complaint ("Complaint") to add two more defendants, TrueML Shared Services and TrueML Technologies (collectively "TrueML Defendants"), alleging that neither of TrueML Defendants were authorized to conduct business in New York, nor licensed with the New York City Department of Consumer and Worker Protection ("DCWP"). Plaintiff argued that Defendant and TrueML Defendants (collectively, "Defendants") all acted in concert.
In addition, Plaintiff sought to add an allegation that several emails were sent to Plaintiff by Defendants on July 23, 2022, September 26, 2022, October 25, 2022, November 24, 2022, December 21, 2022, January 18, 2023, February 16, 2023, March 15, 2023, April 13, 2023, June 6, 2023, and July 7, 2023, all in attempts to collect the alleged debt ("Emails"). Plaintiff claimed that Plaintiff did not consent to receiving such Emails.
In the proposed Amended Complaint, Plaintiff asserted the following five causes of action: (1) Defendant violated the FDCPA in relation to the Emails, as such Emails overshadowed her validation rights; (2) TrueML Defendants violated the NYGBL for their lack of licensure with the DCWP; (3) Defendants violated the FDCPA with regard to the Emails for allegedly failing to disclose that the communications were from a debt collector, using false, misleading, and/or deceptive means in Defendants' attempts to collect money from Plaintiff, and using unfair and/or unconscionable means in its attempt to collect money from Plaintiff; (4) Defendants violated the FDCPA for the use of a third-party vendor to send the Letter; (5) Defendants engaged in negligence per se for the alleged violations of NYGBL and the FDCPA [*3](see Motion #1, Exhibit 1).
Defendant alleged that Plaintiff should be denied leave to amend as Plaintiff lacked personal jurisdiction over TrueML Defendants. Defendant also alleged that Plaintiff lacked standing as Plaintiff's claimed injury was based upon "fear" of future harm by Defendants (see Opposition).
The Court finds that there is nothing to suggest that the proposed Amended Complaint would result in Defendant being surprised or prejudiced, as the asserted five causes of action are, in essence, the same substantive claims Plaintiff alleged its original Complaint, premised upon the similar common factual basis. The issue raised in the original Complaint and the proposed Amended Complaint are both in relation to whether Defendant's conduct and utilization of third-party vendors gave rise to violations under FDCPA and NYGBL. Accordingly, Plaintiff did not raise any additional allegations against Defendant, and thus did not prejudice or surprise Defendant as to the proposed amendment (see A.N. Frieda Diamonds, Inc. v Kaminski, 122 AD3d 517, 998 N.Y.S.2d 6 [1st Dept 2014]).
Moreover, the records indicate that adding two new defendants would not dramatically alter the operative facts. In the proposed Amended Complaint, Plaintiff attempted to join TrueML Defendants upon the claim that Defendant was acting in concert with TrueML Defendants to "regularly collect[], or attempt to collect debts asserted to be owed" (see Motion #1, ¶ 23, 39), which gave rise to TrueML Defendants "committ[ing] tortious acts within New York that have caused injury" to Plaintiff (id., ¶ 35, 51). According to Plaintiff, TrueML Shared Services provided Defendant with "collection strategies and algorithms, debt collection software, database management, call center coordination, consumer payment solutions, and creditor/client data management" (id., ¶ 55) and was also responsible for providing content for Defendant's correspondence with consumers and sending of automated emails and texts on Defendant's behalf (id., ¶ 56). TrueML Technologies was allegedly the sole owner of Defendant and TrueML Shared Services (id., ¶ 60). As such, it appears that there is an adequate basis for joining TrueML Defendants to the instant action.
"In considering the proposed amendment, 'the court should examine, but need not decide, the merits of the proposed new pleading unless it is patently insufficient on its face. Once a prima facie basis for the amendment has been established, that should end the inquiry, even in the face of a rebuttal that might provide the ground for a subsequent motion for summary judgment'" (see Pier 59 Studios L.P. v Chelsea Piers, L.P., 40 AD3d 363, 366, 836 N.Y.S.2d 68 [1st Dept 2007] quoting Hospital for Joint Diseases Orthopaedic Inst. v James Katsikis Environmental Contractors, Inc., 173 AD2d 210, 569 N.Y.S.2d 91 [1st Dept 1991]). Questions of fact as to standing have been raised in connection with whether Plaintiff truly suffered intangible and tangible harm as a result of Defendant's conduct pursuant to FDCPA, and as such the Court finds that the proposed amendment is not palpably insufficient or patently devoid of merit. Ultimately, Plaintiff must prove its claim on the merits. Whether Plaintiff is able to do so is not the issue before the Court here.

IV. Order
Accordingly, it is
ORDERED that Plaintiff's Motion to File an Amended Complaint is GRANTED; and it is further
ORDERED that within thirty (30) days of entry of this decision and order, Plaintiff shall [*4]serve and file its Amended Complaint and serve a copy of this order with notice of entry upon Defendants.
This constitutes the DECISION and ORDER of the Court.
Dated: March 13, 2025
County of New York
Honorable Wendy Changyong Li, J.C.C.