Amondi v Promise Home Care Agency, Inc.
2026 NY Slip Op 03754
June 16, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Nerea Amondi, Plaintiff-Respondent,
v
Promise Home Care Agency, Inc., et al., Defendants-Appellants.

Decided and Entered: June 16, 2026
Index No. 811195/22|Appeal No. 6896|Case No. 2024-07870|
Before: Webber, J.P., Kapnick, Gesmer, Rodriguez, Rosado, JJ.

Rosen Law LLC, Great Neck (Gary Rosen of counsel), for appellants.
Borrelli & Associates, P.L.L.C., Garden City (Anthony P. Consiglio of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about December 19, 2024, which granted plaintiff's motion to vacate the default on her motion to file an amended complaint, and, upon vacatur, granted the motion and deemed the amended complaint timely served, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting plaintiff's second motion pursuant to CPLR 5015, and upon vacatur, in granting the motion to amend. The court specifically denied the prior motion "without prejudice," recognizing plaintiff's entitlement to refile the motion upon a more detailed showing (see Dorji v Maruti Ravami, LLC, 238 AD3d 855, 856 [2d Dept 2025]; see also Yang v Knights Genesis Group, 223 AD3d 639, 639 [1st Dept 2024]).
In the second motion, plaintiff established a reasonable excuse for her default through her counsel's detailed and credible explanation as to why his office was unaware of the scheduled court appearance. This was sufficient to show that any law office failure was inadvertent (see CPLR 5015[a][1]; Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413-414 [1st Dept 2011]). Although counsel improperly commenced a second action asserting the amended claims, rather than moving immediately to vacate the default in this action, there is no evidence of dilatory behavior or an intent to abandon the action to warrant denial of the instant vacatur motion (see US Bank N.A. v Richards, 155 AD3d 522, 523 [1st Dept 2017]).
Plaintiff also proffered potentially meritorious claims insofar as she alleges that defendant Godfrey Echendu's conduct constituted a "sexual offense" under article 130 of the Penal Law, and thus her expired claims for assault and battery would be properly revived under the Adult Survivors Act (CPLR 214-j). Notably, defendants do not dispute the validity of plaintiff's amended claims and failed to include a copy of the amended complaint in the record on appeal.
Furthermore, defendants failed to show that granting plaintiff's motion for leave to amend the complaint would result in undue prejudice or surprise (see Sheppard v Blitman/Atlas Bldg. Corp., 288 AD2d 33, 34-35 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2026