(December 19, 2005)

■ AMERICAN EXPRESS CENTURION BANK, Respondent, v CHARLES WILLIAMS, Appellant. [807 NYS2d 612]—

In an action to recover the outstanding balance due on a credit card, the defendant appeals from (1) so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated November 23, 2004, as granted those branches of the plaintiff's motion which were for summary judgment based on an account stated and unjust enrichment, and denied his cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered February 28, 2005, which, upon the order dated November 23, 2004, is in favor of the plaintiff and against him in the principal sum of $32,131.59.

Ordered that the appeal from the order dated November 23, 2004, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendant's contention, the Supreme Court properly granted the plaintiff's motion for summary judgment on the cause of action for an account stated. The plaintiff established its entitlement to judgment as a matter of law by demonstrating, with evidence in admissible form, that it generated statements for the defendant in the regular course of business and mailed those statements to the defendant on a monthly basis from September 2002 through January 2003. The defendant accepted these account statements and retained them without objection for more than one year prior to the commencement of the action. Each statement indicated a balance due of $32,181.59.

In opposition to the motion, the defendant failed to raise a

triable issue of fact. The defendant did not deny the extension of credit, the receipt of the monthly statements, or their accuracy. The defendant's belated attempt to create an issue of fact in his motion for leave to reargue by denying receipt of the monthly statement was properly rejected. His conclusory denial failed to rebut the presumption of proper mailing established by the plaintiff's proof (*see Matter of Rodriguez v Wing*, 251 AD2d 335, 336 [1998]; *cf. Matter of Holland v New York City*, 271 AD2d 609, 610 [2000]). This feigned issue was insufficient to defeat the plaintiff's entitlement to summary judgment (*see Darrow v American Natl. Red Cross*, 295 AD2d 393, 394 [2002]; *Ilardi v Inte-Fac Corp.*, 290 AD2d 490, 491 [2002]; *Lara v Saint John's Univ.*, 289 AD2d 457 [2001]), and that relief was properly granted to the plaintiff on the account stated cause of action (*see LD Exch. v Orion Telecom. Corp.*, 302 AD2d 565 [2003]; *Jovee Contr. Corp. v AIA Envtl. Corp.*, 283 AD2d 398, 400 [2001]; *Sullivan v REJ Corp.*, 255 AD2d 308 [1998]).

The defendant's remaining contentions are without merit. Crane, J.P., Luciano, Skelos and Lifson, JJ., concur.