STEPHANIE R. COOPER, P.C., Respondent, v EILEEN ROBERT, Appellant. [911 NYS2d 63]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about February 19, 2010, which, to the extent appealed from as limited by the briefs, granted plaintiff leave to amend its complaint and partial summary judgment on the issue of liability on both its breach of contract and account stated claims, unanimously affirmed, with costs.

Ordinarily, a summary judgment motion brought prior to ser-

vice of an answer should be dismissed as premature (*see Republic Natl. Bank of N.Y. v Luis Winston, Inc.*, 107 AD2d 581, 582 [1985]). Similarly, an amended complaint should ordinarily be followed by an answer (*see* CPLR 3025 [d]). Nonetheless, the CPLR expressly confers upon nisi prius courts the power to dispense with responses to amended pleadings, in their discretion (*see id.* [providing that no answer to an amended complaint is required "where otherwise prescribed by law or order of the court"]). Here, defendant had notice of the substance of plaintiff's contentions and ample opportunity to submit proof in opposition to its summary judgment application. The amended complaint merely corrected a technical defect relating to the separate enumeration of the complaint's causes of action (*see* CPLR 3014), and added no material substantive factual allegations. Under these circumstances, the motion court properly exercised its power, expressly provided under CPLR 3025 (d), to dispense with an answer to the amended complaint prior to addressing plaintiff's summary judgment contentions (*see Armstrong v Peat, Marwick, Mitchell & Co.*, 150 AD2d 189 [1989]). It is noted that the motion court could just as easily have disregarded the purely technical defect in plaintiff's complaint, denied the cross motion to dismiss on those technical grounds, and then gone on to address the merits of plaintiff's summary judgment motion based on the original complaint. Insisting upon permitting defendant to serve an answer to the amended complaint here would have been a waste of time and judicial resources (*see Davis & Davis v Morson*, 286 AD2d 584, 585 [2001]). We emphasize that defendant did join issue on plaintiff's original complaint, and had ample opportunity to submit evidence and contest plaintiff's submissions.

On the merits, plaintiff established a prima facie entitlement to summary judgment on its claim of account stated by showing that it generated detailed monthly invoices and mailed them to defendant on a regular basis in the course of its business (*see Berkman Bottger & Rodd, LLP v Moriarty*, 58 AD3d 539, 539 [2009]; *American Express Centurion Bank v Williams*, 24 AD3d 577, 577 [2005]). Defendant's conclusory denial of receipt of some number of those invoices does not suffice to rebut the presumption of delivery established by plaintiff's comprehensive proof (*see American Express*, 24 AD3d at 578; *Northern v Hernandez*, 17 AD3d 285, 286 [2005]). Nor do defendant's allegations of oral objections, with no specificity as to the time of those objections or the content of the conversations in which they were made, suffice to raise issues of fact as to an account stated (*see Berkman*, 58 AD3d at 539; *Zanani v Schvimmer*, 50 AD3d 445, 446 [2008]).

The motion court correctly held that discrepancies in the total amounts claimed due by plaintiff precludes full summary judgment at this time. Instead, as the court directed, there should be an immediate trial on damages in order to determine the total amount due on the invoices submitted (*see Salans Hertzfeld Heilbronn Christy & Viener v Between Bread E.*, 290 AD2d 381 [2002]; *Davis Markel & Edwards v Solomon*, 204 AD2d 182 [1994]). Concur—Andrias, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.