■ Mario A. Cortes, Respondent, v Jing Jeng Hang et al., Appellants. (And a Third-Party Action.) [40 NYS3d 434]—

In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated September 18, 2014, which granted the plaintiff's motion, in effect, pursuant to CPLR 3025 (c) for leave to amend the complaint, and (2) an order of the same court, also dated September 18, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).

Ordered that the orders are affirmed, with one bill of costs.

"A party may amend its pleadings at any time by permission of the court, and leave should be freely given (*see* CPLR 3025 [b]), 'provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit' " (*Belus v Southside Hosp.*, 106 AD3d 765, 766 [2013], quoting *Douglas Elliman, LLC v Bergere*, 98 AD3d 642, 643 [2012]; *see Mastrokostas v 673 Madison, LLC*, 109 AD3d 459 [2013]). "The determination whether to grant leave to amend a pleading is within the court's discretion, and the exercise of that discretion will not lightly be disturbed" (*AFBT-II, LLC v Country Vil. on Mooney Pond, Inc.*, 21 AD3d 972, 972 [2005]). Thus, "[a] party opposing leave to amend 'must overcome a heavy presumption of validity in favor of [permit-

ting amendment]'" (*McGhee v Odell*, 96 AD3d 449, 450 [2012], quoting *Otis El. Co. v 1166 Ave. of Ams. Condominium*, 166 AD2d 307, 307 [1990]). Here, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to serve an amended complaint, as the proposed amendment, which corrected a typographical error in the complaint regarding the date of the accident, did not result in any prejudice or surprise to the defendants, and was not palpably insufficient or patently devoid of merit (*see HSBC Bank v Picarelli*, 110 AD3d 1031 [2013]; *Matter of Board of Mgrs. of Century Condominium v Board of Assessors*, 96 AD3d 739, 741 [2012]).

Contrary to the defendants' contention, the Supreme Court properly, in effect, dispensed with the requirement that the defendants answer the amended complaint prior to addressing the plaintiff's summary judgment motion (*see* CPLR 3025 [d]; *Stephanie R. Cooper, P.C. v Robert*, 78 AD3d 572, 573 [2010]). Moreover, the court correctly concluded that the plaintiff was entitled to summary judgment on the issue of liability with respect to the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). In support of his motion for summary judgment, the plaintiff demonstrated that he was injured while working at the subject property when an unsecured 45 pound concrete block struck his foot after it fell off a scaffold located approximately five feet, five inches above the ground. The plaintiff further demonstrated that at the time of the accident, there were no pulleys, hoists, or other safety devices in place to prevent such falling hazard accidents. Thus, the plaintiff met his prima facie burden of establishing a violation of Labor Law § 240 (1), and that such violation was a proximate cause of his accident (*see Zong Mou Zou v Hai Ming Constr. Corp.*, 74 AD3d 800, 801 [2010]; *Yax v Development Team, Inc.*, 67 AD3d 1003 [2009]; *Robertti v Powers Chang*, 227 AD2d 542, 543 [1996]; *Richardson v Matarese*, 206 AD2d 353 [1994]). In opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

For similar reasons, the plaintiff also established his entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6). Specifically, the plaintiff demonstrated, prime facie, inter alia, that there were violations of 12 NYCRR 23-1.7 ("Protection from general hazards" including "falling hazards"), and that such violations were a proximate cause of his injuries (*see Lopez v New York City Dept. of Envtl. Protection*, 123 AD3d 982

[2014]; *Melchor v Singh*, 90 AD3d 866 [2011]; *see also Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]). In opposition thereto, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment. Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.