Bahar v Sanieoff (2022 NY Slip Op 06314)

Bahar v Sanieoff

2022 NY Slip Op 06314

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Gische, J.P., Friedman, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 150328/18 Appeal No. 16315 Case No. 2021-04196 

[*1]Alice Bahar, Plaintiff-Appellant,
v
Abraham Sanieoff et al., Defendants-Respondents.

DeLince Law PLLC, New York (Alyssa Feldman of counsel), for appellant.
Sills Cummis & Gross P.C., New York (Joseph L. Buckley of counsel), for Abraham Sanieoff, Charlet Sanieoff, Eliza Sabetfard, Leor Sabetfard and Matthew Sabetfard and Rubin and Rudman LLP, New York (Michael A. Burkett of counsel), for 25 Grove Street LLC, respondents.

Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about May 4, 2021, which, to the extent appealed from as limited by the briefs, upon granting defendants' motion to hold plaintiff in contempt and to dismiss her amended complaint, severed and continued defendants Abraham Sanieoff, The Sani Group a/k/a 25 Grove Street LLC, and Charlet Sanieoff's counterclaims, unanimously affirmed, on the law.
Supreme Court had the discretion to dispense with the requirement that defendants file a new answer with counterclaims, and to sua sponte amend its previous order dismissing the complaint to reflect that the counterclaims had been severed and were to continue.
Generally, a defendant is required to file a new answer in response to an amended complaint (CPLR 3025[d]; MTGL. Invs., L.P. v Shay, 190 AD3d 527, 528 [1st Dept 2021]). Nonetheless, a trial court has discretion to vary or dispense with the answer requirement (CPLR 3025[d]; Supplemental Practice Commentaries C:3025:21 [2021]["The court may vary this requirement as it pleases, as the opening clause of CPLR 3025(d) manifests."]; 6B Carmody-Wait 2d § 39:155 ["the court has the discretionary power to dispense with responses to amended pleadings."]). This discretion may be exercised without a formal request from the parties.
Factors that may justify dispensing with the new answer requirement include: (1) no new factual allegations were asserted in the amended complaint; (2) changes in the amended complaint had no bearing on the counterclaims asserted in the original answer; and (3) plaintiff had notice of the counterclaims being asserted (" (Stephanie R. Cooper, P.C. v. Robert, 78 AD3d 572, 573 [1st Dept 2010]; see also Cortes v. Jing Jeng Hang, 143 AD3d 854, 855 [2d Dept 2016]).
Here, requiring defendants to file a new answer to preserve their counterclaims would have been a waste of time and judicial resources. First, the amended complaint contained no new facts or causes of action. Second, the changes in the amended complaint had no bearing on the counterclaims because the amended complaint simply removed unviable causes of action. Third, the plaintiff had notice of the counterclaims, as they were actively litigated. Thus, the trial court was soundly within its discretion to
effectively dispense with the new answer requirement in its amended order sanctioning plaintiff, dismissing the amended complaint, and severing and continuing the counterclaims. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022