Triolo v Greenwood (2023 NY Slip Op 02699)

Triolo v Greenwood

2023 NY Slip Op 02699

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-05115
2020-05583
 (Index No. 615451/18)

[*1]Peter Triolo, et al., respondents,
v
Robert Greenwood, et al., appellants.

McLaughlin & Stern LLP, Garden City, NY (Christian Browne of counsel), for appellants.
Charles E. Holster III, Garden City, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered June 16, 2020, and (2) a judgment of the same court dated July 1, 2020. The order granted the plaintiffs' motion for leave to enter a default judgment against the defendants and denied, as academic, the defendants' motion for summary judgment dismissing the second complaint and on their counterclaim. The judgment, upon the order, is in favor of the plaintiffs and against the defendants in the principal sum of $50,000, plus prejudgment interest.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the plaintiffs' motion for leave to enter a default judgment against the defendant is denied, the defendants' motion for summary judgment dismissing the second complaint and on their counterclaim is denied on the merits, and the order entered June 16, 2020, is modified accordingly.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (see CPLR 5501[a][1]).
In November 2018, the plaintiffs commenced this action seeking to recover damages for breach of contract. They alleged that they entered into a contract to purchase certain real property owned by the defendants, and the defendants breached the terms of that contract by, inter alia, failing to obtain certain zoning variances. The defendants interposed an answer in which they asserted a counterclaim to recover damages for breach of contract, seeking to retain the plaintiffs' down payment as liquidated damages. Thereafter, the plaintiffs filed a second complaint and the defendants moved for summary judgment dismissing the second complaint and on their counterclaim. The plaintiffs moved for leave to enter default judgment against the defendants. In [*2]an order entered June 16, 2020, the Supreme Court granted the plaintiffs' motion and denied the defendants' motion as academic. The court thereafter issued a judgment, upon the order, in favor of the plaintiffs and against the defendants in the principal sum of $50,000, plus prejudgment interest. The defendants appeal.
CPLR 3025(d) states, in pertinent part, that "[e]xcept where otherwise prescribed by law or order of the court, there shall be an answer or reply to an amended or supplemental pleading if an answer or reply is required to the pleading being amended or supplemented." Thus, CPLR 3025(d) "expressly confers upon nisi prius courts the power to dispense with responses to amended pleadings, in their discretion" (Stephanie R. Cooper, P.C. v Robert, 78 AD3d 572, 573). Under the unusual circumstances of this case, the Supreme Court should have dispensed with the requirement that the defendants answer the second complaint (see CPLR 3025[d]; Cortes v Jing Jeng Hang, 143 AD3d 854, 855; Stephanie R. Cooper, P.C. v Robert, 78 AD3d at 573; see also McKay v Longman, 199 AD2d 941, 941; Leogrande v Glass, 106 AD2d 431, 432; County of Nassau v Cedric Constr. Corp., 100 AD2d 890, 892).
Although the Supreme Court denied, as academic, the defendants' motion for summary judgment dismissing the second complaint and on their counterclaim for breach of contract, since the merits of the defendants' motion were litigated by the parties in the Supreme Court and briefed by the parties in this Court, we address the motion in the interest of judicial economy (see Reilly v Patchogue Props., Inc., 203 AD3d 765; Xin Fang Xia v Saft, 177 AD3d 823, 825).
The defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the second complaint and on their counterclaim. Contrary to the defendants' contention, the contract does not unambiguously provide that the defendants were under no obligation to cure certain preexisting zoning violations or that the plaintiffs were obligated to close on the purchase of the subject property despite those unresolved zoning violations. Thus, the defendants failed to eliminate triable issues of fact as to whether the plaintiffs breached the contract (see Finkelstein v Lynda, 166 AD3d 948, 950; Pizzurro v Guarino, 147 AD3d 879, 880).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment upon that basis.
The parties' remaining contentions are either academic in light of our determination or without merit.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court