**Balbuena v 395 Hudson N.Y., LLC**

2024 NY Slip Op 31037(U)

March 29, 2024

Supreme Court, New York County

Docket Number: Index No. 151031/2014

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**          PART 58

*Justice*

-------------------------------------------------------------------------------X

CELSA BALBUENA,

                Plaintiff,

             - v -

395 HUDSON NEW YORK, LLC and MBI GROUP,

                Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151031/2014 |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 009) 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470

were read on this motion to/for           AMEND CAPTION/PLEADINGS     .

    In this Labor Law action, defendant 395 Hudson New York, LLC (395 Hudson) moves, pursuant to CPLR 3025(b) and 3212, for leave to amend its pleadings and, subsequently, for summary judgment on its cross-claims against defendant MBI Group and its claims against third-party defendant Collins Building Services, Inc. (Collins).

## I. Factual and Procedural Background

    Plaintiff commenced this action in February 2014 after she allegedly tripped over improperly secured tiles in a building owned by 395 Hudson (NYSCEF Doc No. 403). Shortly thereafter, MBI Group and 395 Hudson joined issue with their answers dated March 12, 2014, and March 20, 2014, respectively (Doc Nos. 404-405). In their answers, 395 Hudson and MBI Group asserted various affirmative defenses as well as cross-claims against each other for, among other things, indemnification. In April 2016, 395 Hudson commenced a third-party action against Collins, asserting claims of, among other things, common-law and contractual indemnification

**151031/2014  BALBUENA, CELSA vs. 395 HUDSON NEW YORK, LLC**
  **Motion No.  009**
                                         **Page 1 of 5**

[* 1]

1 of 5

(Doc No. 408). Following joinder of issue in the third-party action (Doc No. 409) and the completion of discovery, a note of issue was filed in February 2019 (Doc No. 88).

395 Hudson now moves to amend its pleadings to include new factual references to an "Assignment and Assumption Agreement"[1] and, subsequently, for summary judgment on its cross-claims against MBI Group and its third-party claims against Collins (Doc No. 401), which MBI Group and Collins oppose, respectively (Doc Nos. 432 and 460). Collins also cross-moves for summary dismissal of the third-party complaint (Doc No. 341), which 395 Hudson opposes (Doc No. 466).

## II. Legal Analysis and Conclusions

### A. 395 Hudson's Motion for Leave to Amend

As 395 Hudson's request for leave to amend its pleadings is unopposed, that branch of 395 Hudson's motion is granted.[2]

### B. 395 Hudson's Motion for Summary Judgment

"A motion for summary judgment may not be made before issue is joined and th[at] requirement is strictly adhered to" (*City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985] [citations omitted]; *see SHG Resources, LLC v SYTR Real Estate Holdings LLC*, 201 AD3d 610, 611 [1st Dept 2022]). Since 395 Hudson was granted leave to amend its pleadings, issue is no longer joined with respect to its cross-claims against MBI Group and its third-party claims against Collins. Therefore, the branch of 395 Hudson's motion seeking summary judgment on those

---

[1] In its motion papers, 395 Hudson only submitted a proposed amended third-party complaint including these new factual references (Doc No. 427), but it also appears that 395 Hudson intended to amend its cross-claims against MBI Group to include the same new factual references, it just failed to submit a proposed amended answer with cross-claims. 395 Hudson's prior amended answer included no references to any Assignment and Assumption Agreement (Doc No. 407).

[2] Although Collins addressed 395 Hudson's request for leave to amend its pleadings in its opposition papers, Collins explicitly took no position on whether such request should be granted (Doc No. 432 at 32-33).

**151031/2014 BALBUENA, CELSA vs. 395 HUDSON NEW YORK, LLC**      **Page 2 of 5**
**Motion No. 009**

[* 2]

claims is premature (*see Valentine Tr. v Kernizan*, 191 AD2d 159, 160-161 [1st Dept 1993] [denying summary judgment motion as premature when motion made at same time as motion for leave to amend, which was granted]).

Although there have been instances where a court exercised its discretion to simultaneously grant a party leave to amend its pleadings while deciding a summary judgment motion without responses to such amended pleadings, in those instances the amended pleadings "merely corrected a technical defect" in the identification of the complaint's causes of action and "added no material substantive factual allegations" (*Stephanie R. Cooper, P.C. v Robert*, 78 AD3d 572, 573 [1st Dept 2010] [finding motion court properly exercised discretion in granting leave to amend while also "dispens[ing] with an answer to the amended complaint prior to addressing plaintiff's summary judgment contentions"]).

Here, 395 Hudson's amended pleadings explicitly include new factual references to the Assignment and Assumption Agreement, which are central to its contentions regarding summary judgment against MBI Group and Collins. Thus, it is improper to dispense with amended answers and address issues regarding summary judgment (*see R&G Brenner Income Tax Consultants v Gilmartin*, 166 AD3d 685, 688 [2d Dept 2018] [finding motion court improperly awarded summary judgment on causes of action in amended complaint, after simultaneously granting leave to amend, because defendant had not answered amended complaint]; *cf. Stephanie R. Cooper, P.C.*, 78 AD3d at 573).

## *C. Collins' Cross-Motion for Summary Dismissal*

Collins' motion for summary judgment dismissing the third-party complaint must also be denied as premature, for the same reasons 395 Hudson's motion for summary judgment was deemed premature.

[* 3]

Accordingly, it is hereby:

ORDERED that the motion by defendant 395 Hudson New York, LLC is decided as follows:

- the branch of the motion seeking leave to amend its pleadings is granted; and

- the branch of the motion seeking summary judgment on its cross-claims against defendant MBI Group and third-party claims against third-party defendant Collins Building Services, Inc. is denied as premature; and it is further

ORDERED that the cross-motion by third-party defendant Collins Building Services, Inc. for summary judgment dismissing the third-party complaint is denied as premature; and it is further

ORDERED that the amended third-party complaint filed on NYSCEF by defendant 395-Hudson New York, LLC as NYSCEF Doc No. 427 shall be deemed served upon service of a copy of this order with notice of entry upon third-party defendant Collins Building Services, Inc.; and it is further

ORDERED that defendant 395 Hudson New York, LLC is directed to file an amended answer with cross-claims on NYSCEF within 10 days of entry of this order; and it is further

ORDERED that the amended answer with cross-claims, once filed, shall be deemed served upon service of a copy of this order with notice of entry upon defendant MBI Group; and it is further

ORDERED that counsel for defendant 395 Hudson New York, LLC shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on*

*Courthouse and County Clerk Procedures for Electronically Filed Case* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

20240329124714DBCOHEN7ECF4DBDA42E4914A7DB46BE11X5C8A

| | | |
|---|---|---|
| **3/29/2024** | | **DAVID B. COHEN, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED   ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |