DeFedericis v Vince's Pizza Plus, Inc. (2024 NY Slip Op 03947)

DeFedericis v Vince's Pizza Plus, Inc.

2024 NY Slip Op 03947

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

413 CA 23-01734

[*1]DION DEFEDERICIS, PLAINTIFF-APPELLANT,
v
VINCE'S PIZZA PLUS, INC., DEFENDANT-RESPONDENT. 

LAW OFFICE OF CHRISTOPHER W. MCMASTER, WILLIAMSVILLE (F. BRENDAN BURKE, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT.
PENBERTHY LAW GROUP LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), BUFFALO, FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered May 3, 2023. The order denied the motion of plaintiff for a default judgment and granted the cross-motion of defendant for an extension of time to file an answer to the amended complaint. 
It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the cross-motion is denied, and the motion is granted.
Memorandum: Plaintiff commenced this action seeking to recover wages he allegedly was not paid while employed as the manager of defendant's pizzeria. Following motion practice, plaintiff filed and served an amended complaint, which defendant did not answer within the required time. Plaintiff's counsel inquired as to the status of the answer to the amended complaint, but received no response from defendant's attorney. Several months later, plaintiff moved for a default judgment pursuant to CPLR 3215. Defendant opposed plaintiff's motion and cross-moved for an extension of time to file an answer to the amended complaint pursuant to CPLR 2004 and 3012. Supreme Court denied plaintiff's motion and granted defendant's cross-motion. Plaintiff appeals, and we now reverse.
Here, defendant does not dispute that plaintiff established "his entitlement to default judgment against [ ] defendant[ ] by submitting 'proof of service of the summons and the [amended] complaint, the facts constituting the claim, and . . . defendant['s] default' " (Sutton v Williamsville Suburban, LLC, 174 AD3d 1467, 1468 [4th Dept 2019], lv dismissed 34 NY3d 1091 [2020]). Thus, to successfully oppose plaintiff's motion, defendant had the burden of establishing a reasonable excuse for the default and a meritorious defense to the action (see id.; see also Butchello v Terhaar, 176 AD3d 1579, 1580 [4th Dept 2019]).
It is well settled that admissible evidence is required to establish a potentially meritorious defense; answers that are not verified by anyone with personal knowledge of the facts or affirmations of an attorney without personal knowledge are insufficient as a matter of law (see Sutton, 174 AD3d at 1468; Jian Hua Tan v AB Capstone Dev., LLC, 163 AD3d 937, 938-939 [2d Dept 2018]; ABS 1200, LLC v Kudriashova, 60 AD3d 1164, 1165-1166 [3d Dept 2009]; see generally Conti v City of Niagara Falls Water Bd., 82 AD3d 1633, 1634 [4th Dept 2011]). Inasmuch as defendant relied upon the affirmation of its attorney, who lacked personal knowledge, and its proposed answer was not verified by anyone with personal knowledge of the facts (see Sutton, 174 AD3d at 1468), the court erred in denying the motion. Further, inasmuch as defendant's cross-motion also required a showing of a meritorious defense, we conclude that the court erred in granting the cross-motion (see id. at 1468-1469). Contrary to the dissent's suggestion, the court did not exercise its discretion to dispense with the requirement that defendant file an answer to the amended complaint. That relief was not sought below and defendant did not raise that contention on appeal.
All concur except DelConte, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent and would vote to affirm. "Generally, a defendant is required to file a new answer in response to an amended complaint . . . Nonetheless, a trial court has discretion to vary or dispense with the answer requirement . . . This discretion may be exercised without a formal request from the parties" (Bahar v Sanieoff, 210 AD3d 459, 460 [1st Dept 2022]; see Triolo v Greenwood, 216 AD3d 1035, 1036 [2d Dept 2023]; see generally CPLR 3025 [d]). In my view, under the circumstances of this case, Supreme Court was "soundly within its discretion" to deny plaintiff's motion for a default judgment based on defendant's four-month delay in responding to the amended complaint and to grant defendant's cross-motion for an extension of time to file an answer (Bahar, 210 AD3d at 460).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court